# EXHIBIT A

1  GRAHAM**HOLLIS** APC
   Graham S.P. Hollis (SBN 120577)
2  ghollis@grahamhollis.com
   Vilmarie Cordero (SBN 268860)
3  vcordero@grahamhollis.com
   Hali M. Anderson (SBN 261816)
4  handerson@grahamhollis.com
   Monique R. Rodriguez (SBN 304223)
5  mrodriguez@grahamhollis.com
   3555 Fifth Avenue, Suite 200
6  San Diego, California 92103
   Telephone: 619.692.0800
7  Facsimile: 619.692.0822

8  *Attorneys for Plaintiff Ladell Taylor*

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

OCT 16 2020

BY:_____
ANDREA GARCIA, DEPUTY

9       **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10          **FOR THE COUNTY OF SAN BERNARDINO**

11

12  LADELL TAYLOR, as an individual, on
    behalf of himself, and all persons similarly
13  situated,

14              Plaintiff,

15      v.

16

17  PENSKE LOGISTICS, LLC, a Delaware
    limited liability company authorized to do
18  business in California; PENSKE TRUCK
    LEASING CO., L.P., a Delaware limited
19  partnership authorized to do business in
    California; and DOES 1 through 50 inclusive,
20
                Defendants.
21

22

23

24

25

26

27

28

Case No.:_____  CIV DS 2 0 2 2 4 8 1

**CLASS ACTION**

**COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF:**

(1)  **FAILURE TO PROVIDE LEGALLY COMPLIANT MEAL PERIODS OR COMPENSATION IN LIEU THEREOF**
     **(Labor Code §§ 204, 226.7 and 512);**

(2)  **FAILURE TO PROVIDE LEGALLY COMPLIANT REST PERIODS OR COMPENSATION IN LIEU THEREOF**
     **(Labor Code §§ 204 and 226.7);**

(3)  **FAILURE TO TIMELY PAY MINIMUM, REGULAR, AND/OR OVERTIME WAGES**
     **(Labor Code §§ 204, 210, 510, 558, 1194, 1194.2, 1197, 1197.1, 1198 and 1199);**

(4)  **FAILURE TO TIMELY PAY ALL WAGES DUE AND OWED UPON SEPARATION OF EMPLOYMENT**
     **(Labor Code §§ 201-203, 204 and 210);**

1

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION,
AND INJUNCTIVE RELIEF

|   | (5) | **FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS (Labor Code §§ 226 and 226.3);** |
|---|---|---|
|   | (6) | **FAILURE TO MAINTAIN ACCURATE RECORDS (Labor Code §§ 226, 1174 and 1174.5); and** |
|   | (7) | **VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW (Bus. & Prof. Code §§ 17200 et seq.).** |

**DEMAND FOR JURY TRIAL**

Plaintiff Ladell N. Taylor ("Plaintiff") brings this class action on behalf of himself and all persons similarly situated against Defendants Penske Logistics, LLC, Penske Truck Leasing Co., L.P., and DOES 1 through 50, inclusive (collectively, "Penske" or "Defendants"), on the following grounds:

## INTRODUCTION

1.      This class action is brought by Plaintiff on behalf of himself and all other current or former non-exempt employees of Penske, individually and/or collectively, in California during the relevant time period (referred to herein as "Penske Employees").

2.      By and through this class action, Plaintiff seeks to recover all available remedies including, but not limited to, damages, restitution, and injunctive relief, as well as reasonable attorneys' fees and litigation costs, as provided under California law.

3.      All allegations in this Compliant are based upon information and belief except those allegations that pertain to Plaintiff named herein and his counsel, which are based upon personal knowledge. Each allegation in this Compliant has evidentiary support or is likely to have evidentiary support after reasonable opportunity for further investigation and formal discovery.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to California Code of Civil Procedure ("Code of Civil Procedure") section 410.10. Pursuant to Code of Civil Procedure section 382 and California Business and Professions Code ("Business & Professions Code") section 17203, Plaintiff brings this action on behalf of himself and all other Penske Employees.

5.      This Court has personal jurisdiction over Penske because Penske conducts business in

2

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

1    the state of California and has caused injuries in the county of San Bernardino, as well as throughout

2    the state of California, through its acts, omissions, and violations of the California Labor Code ("Labor

3    Code") and Business & Professions Code.

4         6.     Venue as to Penske is proper in this judicial district pursuant to Code of Civil Procedure

5    section 395(a). Each individual defendant transacts business in San Bernardino County and is

6    otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged

7    herein have a direct effect on Plaintiff and all other Penske Employees within the county of San

8    Bernardino and throughout the state of California.

9         7.     Pursuant to rule 3.400 of the California Rules of Court, this case shall be deemed a

10   complex action because it is filed as a class action that involves specialized case management,

11   extensive discovery and evidence, difficult and/or novel issues, and is likely to require extensive post-

12   judgment supervision.

13   **THE PARTIES**

14   I.    **PLAINTIFF**

15        8.     Plaintiff Ladell N. Taylor at all material times mentioned herein:

16             a.    Was and is a resident of the county of San Bernardino, California;

17             b.    Was employed by and/or otherwise performed work for Penske as a driver from

18                   about June 25, 2018 through July 20, 2020;

19             c.    Was responsible for transporting and delivering Penske's customer's products

20                   from the warehouse in Colton, California to various locations throughout

21                   Southern California in a timely manner;

22             d.    Engaged in work for Penske in various counties throughout California including,

23                   but not limited to, San Bernardino County, Los Angeles County, Orange

24                   County, Riverside County, San Diego County, Ventura County, Santa Barbara

25                   County, San Luis Obispo County, and Kern County;

26             e.    Was classified by Penske as a non-exempt employee for purposes of the Labor

27                   Code and the IWC Wage Orders;

28             f.    Earned an hourly wage and was paid on a weekly basis;

3

g.    Worked approximately 60-65 hours per week;

h.    Was not provided with the opportunity to take legally compliant meal periods or compensation in lieu thereof;

i.    Was not authorized and permitted to take legally compliant rest periods or provided with compensation in lieu thereof;

j.    Was not timely compensated the appropriate minimum, regular, and/or overtime wages for all time worked;

k.    Was not timely paid all wages due and payable upon separation of employment, or the necessary waiting time penalties;

l.    Was not furnished with itemized wage statements that showed all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee;

m.    Contends his employee and payroll records were not accurately maintained by Penske;

n.    Was subject to Penske's unlawful, unfair, and fraudulent business practices; and

o.    Is a member of the class and sub-class defined herein.

## II.    DEFENDANTS

9.    Defendant Penske Logistics, LLC ("Penske Logistics") is a Delaware limited liability corporation authorized to do business, and actually doing business, in the state of California. Penske Logistics provides supply chain management, logistic services and solutions to various customers throughout California. Penske Logistics is believed to be a wholly owned subsidiary of Penske Truck Leasing Co., L.P.

10.    Defendant Penske Truck Leasing Co., L.P. ("Penske Trucking") is a Delaware limited partnership authorized to do business, and actually doing business, in the state of California. Penske Trucking provides commercial and consumer truck rentals, full-service truck leasing and maintenance, logistic solutions, and used trucks to various customers throughout California.

11.    The true names and capacities, whether individual, corporate, subsidiary, partnership, associate, or otherwise of defendant Does 1 through 50, inclusive, are unknown to Plaintiff, who

4

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

1  therefore sues these defendants by such fictitious names pursuant to Code of Civil Procedure section

2  474. Plaintiff will amend this Complaint, setting forth the true names and capacities of these

3  fictitiously named defendants when their true names are ascertained. Plaintiff is informed and believes,

4  and on that basis alleges, that each of the fictitious defendants have participated in the acts and/or

5  omissions alleged in this Complaint.

6       12.    At all times mentioned herein, the acts alleged to have been done and/or caused by the

7  named defendant is also alleged to have been done and/or caused by the fictitiously named defendants,

8  and by each of their agents and/or employees who acted within the scope of their agency and/or

9  employment.

10       13.    At all times mentioned herein, each named defendant, including each fictitiously named

11  defendant, is believed to have acted individually or as an officer, agent, or employee of the other

12  defendants.

13       14.    At all times mentioned herein, each named defendant, including each fictitiously named

14  defendant, acted as an agent, servant, employee, co-conspirator, alter-ego and/or joint venture of the

15  other defendants, and in doing the things alleged herein acted within the course and scope of such

16  agency, employment, alter-ego and/or in furtherance of the joint venture.

17       15.    At all times mentioned herein, the acts and/or omissions of each of the named

18  defendants, including each fictitiously named defendant, concurrently contributed to the various acts

19  and/or omissions of each and every one of the other defendants, including each fictitiously named

20  defendant, in proximately causing the wrongful conduct, harm, and/or damages alleged herein. Each of

21  the named defendants, including each fictitiously named defendant, approved of, condoned, and/or

22  otherwise ratified each and every one of the acts and/or omissions complained herein.  Each named

23  defendant, including each fictitiously named defendant, was and is acting with authority of each and

24  every other defendant and/or are acting as agents of each and every other defendant or Doe defendant.

25       16.    At all times mentioned herein there was a unity of interest and ownership between each

26  named defendant, including each fictitiously named defendant, such that all defendants acted as a

27  single employer of Plaintiff and all other Penske Employees.

28       17.    At all times mentioned herein, each named defendant, including each fictitiously named

5

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION,
AND INJUNCTIVE RELIEF

1   defendant, exercised supervision and control over the wages, hours, and/or working conditions of

2   Plaintiff and all other Penske Employees, including, but not limited to, implementing standard policies

3   and procedures.

4        18.    At all times mentioned herein, each named defendant, including each fictitiously named

5   defendant, caused Penske Employees, including Plaintiff, to work and/or prevented Plaintiff and other

6   Penske Employees from working

7        19.    At all times mentioned herein, each named defendant, including each fictitiously named

8   defendant, had control over Penske Employees.

9        20.    Each named defendant, including each fictitiously named defendant is alleged to have

10   caused each of the violations alleged herein.

11        21.    Each named defendant, including each fictitiously named defendant, is jointly and

12   severally liable for each of the violations alleged herein.

13   **FACTUAL ALLEGATIONS**

14        22.    Plaintiff realleges and incorporates by reference, as though fully set forth herein, all

15   paragraphs of this Complaint.

16        23.    Plaintiff was employed by, or otherwise performed work for, Penske as a driver based

17   out of the Colton, California warehouse from approximately June 25, 2019 through and including July

18   20, 2020.  During his employment, Plaintiff performed work for Penske as a yard driver and truck

19   driver. As a yard driver, Plaintiff was responsible for moving trailers to and from various docks in the

20   yard so that they could be emptied and cleaned before being loaded with product, as well as turning on

21   the cooling system in the truck to ensure that the trailer was cool before the product is loaded. As a

22   truck driver, Plaintiff drove a big-rig truck for Penske's Sprouts account and was responsible for

23   transporting and delivering the customer's grocery products in a timely manner. During his

24   employment, Plaintiff was classified by Penske as a non-exempt employee, was to earn an hourly

25   wage, and was to be paid on a weekly basis.  Plaintiff typically worked between 60-65 hours per week.

26        24.    Plaintiff asserts that Penske has employed, and will continue to employ, several

27   individuals in a non-exempt capacity in San Bernardino County and throughout the state of California.

28   Plaintiff further asserts that throughout the relevant time period all Penske Employees earned an hourly

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION,
AND INJUNCTIVE RELIEF

1   wage, were paid on a weekly basis, and worked at least eight (8) hours a day and/or forty (40) hours
2   per week.

3         25.    Plaintiff contends that he and all other Penske Employees were subject to, and those
4   currently employed continue to be subject to, the same and/or similar policies, practices, procedures
5   guidelines and/or culture described herein.

6         26.    Plaintiff further alleges that he and all other Penske Employees have suffered, and those
7   currently employed will continue to suffer, the same and/or similar violations of law described herein.

8         27.    Plaintiff contends that Penske did not, and does not, have a policy, practice, procedure,
9   guideline and/or culture of providing all Penske Employees with the opportunity to take an
10   uninterrupted, thirty (30) minute off-duty meal period before the end of their fifth (5th) hour of work
11   when they worked five (5) or more hours in a day. Similarly, Plaintiff contends that Penske did not,
12   and does not have a policy, practice, procedure, guideline and/or culture of providing all Penske
13   Employees with the opportunity to take a second uninterrupted, thirty (30) minute off-duty meal period
14   when they worked more than ten (10) hours in a day.

15         28.    Plaintiff alleges that he and other Penske Employees were not provided with the
16   opportunity to take lawful meal periods because Penske has a policy, practice, procedure, guideline
17   and/or culture of assigning routes, delivery requirements, and/or workloads that cannot reasonably be
18   completed within their scheduled hours, resulting in Penske Employees being directed, compelled
19   and/or otherwise coerced to work through their meal periods because they were required by Penske to
20   deliver their customer's products in a timely manner.

21         29.    Plaintiff asserts that Penske knew or should have known that Plaintiff and other Penske
22   Employees were not provided with the opportunity to take legally compliant meal periods due in large
23   part to Penske's policy, practice, procedure, guideline and/or culture of assigning routes, delivery
24   requirements, and/or workloads that could not reasonably be completed within their scheduled hours.

25         30.    Despite not being provided with legally compliant meal periods, Plaintiff alleges that
26   Penske did not, and does not, have a policy, practice, procedure, guideline and/or culture of paying
27   meal period premiums to Plaintiff and other Penske Employees for all meal periods that do not comply
28   with California law.

7

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION,<br>AND INJUNCTIVE RELIEF

31.     Plaintiff further alleges that Penske did not, and does not have a policy, practice, procedure, guideline, and/or culture of authorizing and permitting Plaintiff and other Penske Employees to take uninterrupted off-duty rest periods of at least ten (10) minutes for every four (4) hours worked or major fraction thereof.

32.     Plaintiff alleges that he and other Penske Employees were not provided with the opportunity to take lawful rest periods because Penske has a policy, practice, procedure, guideline and/or culture of assigning routes, delivery requirements, and/or workloads that cannot reasonably be completed within their scheduled hours, resulting in Penske Employees being directed, compelled and/or otherwise coerced to work through their rest periods because they were required by Penske to deliver their customer's products in a timely manner.

33.     Plaintiff asserts that Penske knew or should have known that Plaintiff and other Penske Employees were not authorized and permitted to take legally compliant rest periods due in large part to Penske's policy, practice, procedure, guideline and/or culture of assigning routes, delivery requirements, and/or workloads that could not reasonably be completed within their scheduled hours.

34.     Despite not being provided with legally compliant rest periods, Plaintiff alleges that Penske did not, and does not, have a policy, practice, procedure, guideline and/or culture of compensating Plaintiff and other Penske Employees for all unlawful rest periods.

35.     Plaintiff further contends that Penske had, and continues to have a policy, practice, procedure, guideline, and/or culture of not timely compensating him and all other Penske Employees minimum, regular, and/or overtime wages for all time engaged in work on behalf of Penske.

36.     Plaintiff contends that due in part to Penske's policy, practice, procedure, guideline and/or culture of assigning routes, delivery requirements, and/or workloads that could not reasonably be completed within their scheduled hours, he and other Penske Employees were directed, pressured, compelled and/or otherwise coerced to regularly perform their job duties while clocked out for their meal periods. Consequently, Penske improperly considered time spent by Penske Employees working through meal periods as non-compensable and failed to provide any renumeration.

37.     Plaintiff also contends that Penske has a policy, practice, procedure, guideline and/or culture of not paying Penske Employees overtime wages for hours worked in excess of eight (8) hours

8

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION,
AND INJUNCTIVE RELIEF

per day and/or forty (40) hours per week. Plaintiff asserts that Penske informed him and other Penske Employees in or around Fall 2018 that they would no longer be paid overtime for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week. Plaintiff alleges that, despite working in excess of eight (8) hours per day and/or forty (40) hours per week, he and other Penske Employees were not paid overtime wages in excess of eight (8) hours per day and/or forty (40) hours per week.

38.     Plaintiff further contends that Penske has a policy, practice, procedure, guideline and/or culture of offering and subsequently paying nondiscretionary bonuses (e.g. safety bonuses) to Penske Employees. However, Plaintiff alleges that Penske has a policy, practice, procedure, guideline and/or culture of not including the nondiscretionary bonuses into Penske Employees' regular rate of pay for purposes of computing overtime. Thus, Penske Employees were not timely paid all overtime wages.

39.     Plaintiff alleges that Penske has a policy, practice, procedure, guideline and/or culture of willfully failing to timely pay former Penske Employees, such as himself, with all wages due and owing upon separation of employment and/or the mandated waiting time penalties for the late payment of such wages. For instance, despite being terminated from his employment, Plaintiff was not immediately paid all his wages due and owing including, but not limited to, unpaid minimum, regular and/or overtime wages, as well as premium wages. Plaintiff has also not received the statutory waiting time penalties for the late payment of wages. Plaintiff further alleges, based on information and belief, that other former Penske Employees were not timely paid all wages due and owed upon separation of employment or paid the required waiting time penalties, in large part due to Penske's policy, practice, procedure, guideline and/or culture of failing to properly pay all minimum, regular, overtime and/or premium wages.

40.     Plaintiff asserts that Penske has a policy, practice, procedure, guideline and/or culture of furnishing Penske Employees, including Plaintiff, with wage statements that do not comply with California law. Plaintiff contends that the wage statements furnished to him and other Penske Employees did not include, for instance, the total hours worked by the employee, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate

9

EXHIBIT A  PAGE 27

1  by the employee, the actual gross and net wages earned, the pay period information for each wage

2  statement, and the appropriate name and address of the legal entity that employed Penske Employees.

3       41.    Due to the lack of information on the furnished wage statements, Penske Employees,

4  such as Plaintiff, were unable to promptly and easily determine the total number of hours worked, the

5  applicable hourly rates in effect during the pay period and/or the corresponding number of hours

6  worked at each hourly rate, among other things.

7       42.    As a result of Penske's policies, practices, procedures, guidelines and/or culture

8  described herein including, but not limited to, failing to compensate Penske Employees all minimum,

9  regular, and/or overtime wages, failing to provide legally compliant meal periods or compensation in

10  lieu thereof, and failing to furnish accurate itemized wage statements, Penske knowingly and

11  intentionally failed to maintain accurate employee and payroll records as required by California law.

12       43.    On September 25, 2020, Plaintiff submitted written notice to the California Labor and

13  Workforce Development Agency ("LWDA") and Penske as required by the Private Attorneys General

14  Act of 2004 ("PAGA") informing them of Penske's alleged violations of the Labor Code.

15  Subsequently, on October 5, 2020, Plaintiff submitted an amended written notice to the LWDA and

16  Penske as mandated by the statute, notifying them of Penske's alleged violations of the Labor Code.

17       44.    According to Labor Code § 2699.3 the LWDA has sixty-five days from the date of

18  submission to notify the parties of whether it intends to investigate the alleged violations.

19       45.    If the LWDA does not provide the parties with notice of its intent to investigate within

20  the time proscribed by the statute, Plaintiff will amend his complaint to include a claim for civil

21  penalties under the PAGA

22       46.    Plaintiff further believes that additional violations may be discovered and therefore

23  reserves his right to allege additional violations of the law as investigation and discovery warrants.  In

24  the event Plaintiff discovers additional violations, Plaintiff will seek to amend the operative complaint

25  as necessary.

26  ///

27  ///

28  ///

10

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION,<br>AND INJUNCTIVE RELIEF

## CLASS DEFINITIONS

47.     Plaintiff seeks to represent the following class and sub-class, which are defined as:

**The Non-Exempt Class**
All current or former non-exempt employees of Defendants, individually and/or collectively, in California during the period commencing on the date that is within four years prior to the filing of this Complaint through and including the last date of trial (hereinafter the "Class Period"). To the extent that California Rules of Court, Appendix I, Emergency Rule 9 and/or equitable tolling operates to toll the claims by the class against Defendants, the time period should be adjusted accordingly.

**The Non-Exempt Waiting Time Penalties Sub-class**
All current or former non-exempt employees of Defendants, individually and/or collectively, in California during the period commencing on the date that is within three years prior to the filing of this Complaint through and including the last date of trial. To the extent that California Rules of Court, Appendix I, Emergency Rule 9 and/or equitable tolling operates to toll the claims by the sub-class against Defendants, the time period should be adjusted accordingly.

48.     Members of the class and/or sub-class are all "employees" as the term is used in the Labor Code and the IWC Wage Orders regulating wages, hours, and working conditions in the state of California.

49.     A more precise definition of the class and/or sub-class may be determined after further investigation and discovery.  Plaintiff reserves his right to redefine the class, sub-class and/or create additional sub-classes at any time prior to the court's order on Plaintiff's Motion for Class Certification as provided by law. (Cal. Rules Ct., R. 3.765(b).)

## CLASS ALLEGATIONS

50.     Plaintiff realleges and incorporates by reference, as though fully set forth herein, all paragraphs of this Complaint.

51.     Plaintiff brings this action on behalf of himself and on behalf of all persons within the class and/or sub-class defined herein.

52.     This class action meets the statutory prerequisites for the maintenance of a class action, as set forth in Code of Civil Procedure section 382 and California Civil Code ("Civil Code") section 1781, in that:

          a.     The persons who comprise the class and/or sub-class are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as

11

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION,
AND INJUNCTIVE RELIEF

1                a class will benefit the parties and the Court;

2          b.    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that

3                are raised in this Complaint are common to the class and/or sub-class and will

4                apply uniformly to every member of the class and/or sub-class, and as a practical

5                matter, be dispositive of the interests of the other members not party to the

6                adjudication;

7          c.    The parties opposing the class and/or sub-class have acted or have refused to act

8                on grounds generally applicable to the class and/or sub-class, thereby making

9                final injunctive relief or declaratory relief appropriate with respect to the class

10             and/or sub-class as a whole; and

11         d.    Common questions of law and fact exist as to the members of the class and/or

12             sub-class and predominate over any question affecting only individual members,

13             and a class action is superior to other available methods for the fair and efficient

14             adjudication of the controversy, including consideration of:

15             i.    The interests of class members and/or sub-class members in individually

16                    controlling the prosecution or defense of separate actions;

17             ii.    The extent and nature of any litigation concerning the controversy

18                    already commenced by or against members of the class and/or sub-class;

19             iii.    The desirability or undesirability of concentrating the litigation of the

20                    claims in this particular forum; and

21              iv.    The likely difficulties in the managing a class action.

22     53.    The Court should permit this action to be maintained as a class action pursuant to Code

23 of Civil Procedure 382 and Civil Code section 1781 because:

24         a.    Questions of law and fact common to the class and/or sub-class are substantially

25             similar and predominate over any questions affecting only individual members;

26         b.    A class action is superior to any other available method for the fair and efficient

27             adjudication of class members' and/or sub-class members' claims;

28          c.    The members of the class and/or sub-class are so numerous that it is impractical

12

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION,<br>AND INJUNCTIVE RELIEF

1    to bring all class members before the Court;

2    d.    Plaintiff's claims are typical of the claims of the class and/or sub-class;

3    e.    Class members and/or sub-class members will not be able to obtain effective and

4          economic legal redress unless the action is maintained as a class action;

5    f.    There is a community of interest in obtaining appropriate legal and equitable

6          relief for the common law and statutory violations and other improprieties

7          alleged, and in obtaining adequate compensation for the damages that

8          Defendants' actions have inflicted upon the class;

9    g.    Plaintiff can fairly and adequately protect the interests of the class and/or sub-

10         class;

11   h.    There is a community of interest in ensuring that the combined assets and

12         available insurance of Defendants are sufficient to adequately compensate the

13         members of the class and/or sub-class for the injuries sustained; and

14   i.    Defendants have acted or refused to act on grounds generally applicable to the

15         class and/or sub-class, thereby making final injunctive relief appropriate with

16         respect to the class and/or sub-class as a whole.

17                        **CAUSES OF ACTION**

18                      **FIRST CAUSE OF ACTION**

19   **(By Plaintiff Individually and on Behalf of the Class/Sub-Class Against Defendants and Does 1-50)**

20        **FAILURE TO PROVIDE LEGALLY COMPLIANT MEAL PERIODS**

21              **OR COMPENSATION IN LIEU THEREOF**

22   **[Labor Code §§ 204, 226.7, 512, and the "Meal Periods" section of IWC Wage Order No. 9-2001]**

23        54.   Plaintiff realleges and incorporates by reference, as though fully set forth herein, all

24   paragraphs of this Complaint.

25        55.   Labor Code § 512(a) states,

26            An employer may not employ an employee for a work period of more
              than five hours per day without providing the employee with a meal
27            period of not less than 30 minutes, except that if the total work period
              per day of the employee is no more than six hours, the meal period may
28            be waived by mutual consent of both the employer and employee. An

                                    13
     ───────────────────────────────────────────────
                CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION,
                        AND INJUNCTIVE RELIEF

employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived. (Emphasis added.)

56.    The "Meal Periods" section of IWC Wage Order No. 9-2001 provides, in pertinent part,

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee. Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal is agreed to.

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived....

(D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided. (Emphasis added.)

57.    A meal period generally comports with the requirements under California law if the employee has at least 30 minutes uninterrupted, is free to leave the premises, and is relieved of all duty for the entire period. (See *Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1036.) Additionally, "an employer may not undermine formal policy of providing meal breaks by pressuring employees to perform their duties in ways that omit breaks." (*Id.* at 1040 [internal citations omitted].)

58.    Labor Code section 226.7(b) states, "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission..." Labor Code section 226.7(c) further provides,

[i]f an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law... the employer shall pay the employee one additional hour of pay at the employee's regular rate of

14

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

1           compensation for each workday that the meal or rest or recovery period is not provided.

2     59.     Labor Code § 204 establishes an employee's fundamental right in the state of California

3 to be paid wages in a timely manner for their work. Premium wages under Labor Code § 226.7 are

4 wages that are due and payable in accordance with Labor Code § 204. (*Murphy v. Kenneth Cole*

5 *Productions, Inc.* (2007) 40 Cal.4th 1094, 1103-1114.)

6     60.     Plaintiff alleges that Penske did not, and does not, have a policy, practice, procedure,

7 guideline and/or culture of offering all Penske Employees with the opportunity to take a thirty (30)

8 minute uninterrupted, off-duty meal period before the end of their fifth (5th) hour of work when they

9 worked five (5) or more hours in a day and/or the opportunity to take a second thirty (30) minute

10 uninterrupted, off-duty meal period when they worked more than ten (10) hours in a day.

11     61.     Plaintiff also alleges Penske has a policy, practice, procedure, guideline and/or culture

12 of assigning routes, delivery requirements, and/or workloads that cannot reasonably be completed

13 within their scheduled hours resulting in Penske Employees being directed, compelled and/or

14 otherwise coerced to work through their meal periods because they were mandated by Penske to

15 deliver their customer's products in a timely manner.

16     62.     Plaintiff further alleges that Penske knew or should have known that Penske

17 Employees, including Plaintiff, were not provided with the opportunity to take legally compliant meal

18 periods due in large part to Penske's policy, practice, procedure, guideline and/or culture of assigning

19 routes, delivery requirements, and/or workloads that could not reasonably be completed within their

20 scheduled hours.

21     63.     Plaintiff asserts that Penske had, and continues to have, a policy, practice, procedure,

22 guideline and/or culture of not paying the required meal period premiums when a lawful meal period

23 was not provided. Plaintiff contends that despite not being provided with legally compliant meal

24 periods, he and other Penske Employees did not receive premium wage for unlawful meal periods.

25     64.     Penske's unlawful conduct caused Penske Employees, including Plaintiff, to suffer, and

26 current Penske Employees will continue to suffer, damages in an amount which is presently unknown,

27 but which exceeds the jurisdictional limits of this Court and which will be ascertained according to

28 proof at trial.

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

65.     Pursuant to Labor Code section 226.7(c) and IWC Order No. 9-2001, Plaintiff and other Penske Employees are entitled to, and seek to recover the full amount of unpaid premium wages for unlawful meal periods.

66.     Pursuant to Labor Code section 218.6, Plaintiff and other Penske Employees are entitled to, and seek to, recover prejudgment interest on the amount of premium wages owed.

67.     Plaintiff, on behalf of himself and other Penske Employees, is entitled to, and seeks recovery of reasonable attorneys' fees and costs as permitted by Labor Code section 218.5 and Code of Civil Procedure section 1021.5.

68.     Plaintiff, on behalf of himself and other Penske Employees, requests further relief as described in the below prayer.

## SECOND CAUSE OF ACTION

**(By Plaintiff Individually and on Behalf of the Class/Sub-Class Against Defendants and Does 1-50)**

### FAILURE TO PROVIDE LEGALLY COMPLIANT REST PERIODS

### OR COMPENSATION IN LIEU THEREOF

**[Labor Code §§ 204, 226.7 and the "Rest Periods" section of IWC Wage Order No. 9-2001]**

69.     Plaintiff realleges and incorporates by reference, as though fully set forth herein, all paragraphs of this Complaint.

70.     In pertinent part, Labor Code § 226.7 provides:

(b) An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and health.

(c) If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for workday that the meal or rest or recovery period is not provided.

71.     The "Rest Periods" section of IWC Order No. 9 -2001, states:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the

16

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

<u>total hours worked daily at the rate of ten (10) minutes of net rest time</u>
<u>per four (4) hours or major fraction thereof.</u>  However, a rest period
need not be authorized for employees whose total daily work time is
less than three and one-half (3 ½) hours.  Authorized rest period time
shall be counted as hours worked for which there shall be no deduction
from wages.

(B) If an employer fails to provide an employee a rest period in
accordance with the applicable provisions of this order, the employer
shall pay the employee one (1) hour of pay at the employee's regular
rate of compensation for each workday that the rest period is not
provided. (Emphasis added.)

72.     Unless an employer relieves its employees of any and all work-related duties and also relinquishes all control over how its employees spent their time during rest periods, the employer has not authorized and permitted lawful off-duty rest periods. (*Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 267, 269.)

73.     Plaintiff contends that Penske did not, and does not have a policy, practice, procedure, guideline, and/or culture of authorizing and permitting Penske Employees, including Plaintiff, to take a ten (10) minute, uninterrupted, off-duty rest period for every four (4) hours worked or major fraction thereof.

74.     Plaintiff also contends that he and other Penske Employees were not authorized and permitted to take lawful rest periods because Penske has a policy, practice, procedure, guideline and/or culture of assigning routes, delivery requirements, and/or workloads that cannot reasonably be completed within their scheduled hours resulting in Penske Employees being directed, compelled and/or otherwise coerced to work through their rest periods in order to deliver their customer's products in a timely manner.

75.     Plaintiff further contends that Penske knew or should have known that Plaintiff and other Penske Employees were not authorized and permitted to take lawful rest periods due in large part to Penske's policy, practice, procedure, guideline and/or culture of assigning routes, delivery requirements, and/or workloads that could not reasonably be completed within their scheduled hours.

76.     Plaintiff alleges that Penske does not have, and did not have, a policy, practice, procedure, guideline and/or culture of paying premium wages for non-compliant rest periods.  Plaintiff

17

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION,
AND INJUNCTIVE RELIEF

1   asserts that despite not being provided with lawful rest periods, he and other Penske Employees did not
2   receive premium wages for unlawful rest periods.

3       77.     Due to Penske's unlawful conduct, Plaintiff and other Penske Employees have suffered,
4   and will continue to suffer, damages in an amount which is presently unknown, but which exceeds the
5   jurisdictional limits of this Court and which will be ascertained according to proof at trial.

6       78.     According to Labor Code section 226.7(c) and IWC Wage Order No. 9-2001, Plaintiff
7   and other Penske Employees are entitled to, and seek to recover the full amount of unpaid premium
8   wages for non-compliant rest periods.

9       79.     Pursuant to Labor Code section 218.6, Penske Employees, including Plaintiff, are
10  entitled to, and seek to recover prejudgment interest on the amount of premium wages owed.

11      80.     Plaintiff, on behalf of himself and other Penske Employees, is entitled to, and seeks to
12  recover reasonable attorneys' fees and costs as provided by Labor Code section 218.5 and Code of
13  Civil Procedure section 1021.5.

14      81.     Plaintiff, on behalf of himself and other Penske Employees, requests further relief as
15  described in the below prayer.

16                          **THIRD CAUSE OF ACTION**
17  **(By Plaintiff Individually and on Behalf of the Class/Sub-Class Against Defendants and Does 1-50)**
18      **FAILURE TO TIMELY PAY MINIMUM, REGULAR, AND/OR OVERTIME WAGES**
19  **[Labor Code §§ 204, 210, 510, 558, 1194, 1194.2, 1197, 1197.1, 1198, 1199, and the "Minimum**
20      **Wages" and "Hours and Days of Work" sections of IWC Wage Order No. 9-2001]**

21      82.     Plaintiff realleges and incorporates by reference, as though fully set forth herein, all
22  paragraphs of this Complaint.

23      83.     Labor Code § 204 establishes an employee's fundamental right in the state of California
24  to be paid wages in a timely manner for their work.

25      84.     Labor Code § 1197 states "[t]he minimum wage for employees fixed by the commission
26  is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so
27  fixed is unlawful." (See also *Gonzalez v. Downtown LA Motors, LP* (2013) 215 Cal.App.4th 36, 44
28  [providing that an employer may not pay "less than the applicable minimum wage for all hours worked

                                    18
          CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION,
                      AND INJUNCTIVE RELIEF

1  in the payroll period, whether the remuneration is measured by time, piece, commission, or

2  otherwise"].)

3       85.    Labor Code section 1198 mandates,

4
5
6  > [t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

7
8       86.    The "Minimum Wages" section of IWC Wage Order No. 9-2001 also states that,

9  "[e]very employer shall pay to each employee, on the established payday for the period involved, not

10  less than the applicable minimum wage for all hours worked in the payroll period, whether the

11  remuneration is measured by time, piece, commission, or otherwise."

12       87.    Labor Code § 510(a), which codifies an employee's right to overtime compensation,

13  provides:

14
15
16
17
18  > Eight hours of labor constitutes a day's work. <u>Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek</u> and the first eight hours worked on the seventh day of work in any one workweek <u>shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee</u>. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work. (Emphasis added.)

19       88.    The "Hours and Days of Work" and "Minimum Wages" sections of the IWC Wage

20  Order No. 9-2001 mandate the same requirements as Labor Code section 510.

21       89.    Under California law, an employee may not waive his or her right to overtime

22  compensation. (*Early v. Superior Court* (2000) 79 Cal.App.4th 1420, 1430.)

23       90.    Labor Code § 558 provides that "any employer or other person acting on behalf of an

24  employer who violates, or causes to be violated, a section of this chapter or any provision regulating

25  hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil

26  penalty" of $50 for each underpaid employee for each pay period for which the employee was

27  underpaid plus an amount sufficient to recover underpaid wages for any initial violation, and $100 for

28

19

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION,<br>AND INJUNCTIVE RELIEF

1  each underpaid employee for each pay period for which the employee was underpaid in addition to an

2  amount sufficient to recover underpaid wages for each subsequent violation.

3      91.    Labor Code § 1194(a) states:

4          Notwithstanding any agreement to work for a lesser wage, any
           employee receiving less than the legal minimum wage or the legal
5          overtime compensation applicable to the employee is entitled to
           recover in a civil action the unpaid balance of the full amount of this
6          minimum wage or overtime compensation, including interest thereon,
           reasonable attorney's fees, and costs of suit.

7      92.    Labor Code section 1197.1 further provides,

8          [a]ny employer or other person acting either individually or as an officer,
9          agent, or employee of another person, who pays or causes to be paid to any
           employee a wage less than the minimum fixed by an applicable state or local
10         law or by an order of the commission shall be subject to a civil penalty,
           restitution of wages, liquidated damages payable to the employee, and any
11         applicable penalties imposed pursuant to Section 203...

12     93.    In pertinent part Labor Code section 1194.2 states,

13         In any action under Section 98, 1193.6, 1194, or 1197.1 to recover wages
           because of the payment of a wage less than the minimum wage fixed by
14         an order of the commission or by statute, an employee shall be entitled to
           recover liquidated damages in an amount equal to the wages unlawfully
15         unpaid and interest thereon.

16     94.    Labor Code section 1199 imposes "a fine of not less than one hundred dollars ($100)"

17  for any employer who violates the provisions set forth in Labor Code section 1198.

18     95.    Labor Code section 210 provides that, "every person who fails to pay the wages of an

19  employee as provided in Section...204...shall be subject to a civil penalty of $100 for an initial

20  violation and $200 plus 25% of the amount unlawfully withheld for a subsequent violation."

21     96.    Plaintiff alleges that he and all Penske Employees regularly worked at least eight (8)

22  hours per day and/or forty (40) hours per week during the relevant time period, earned an hourly wage,

23  and were to be paid once per week.

24     97.    Plaintiff also alleges that Penske had, and continues to have, a policy, practice,

25  procedure, guideline, and/or culture of not timely compensating Penske Employees, including Plaintiff,

26  minimum, regular, and/or overtime wages for all time engaged in work on behalf of Penske.

27     98.    Plaintiff asserts that as a result of Penske's policy, practice, procedure, guideline and/or

28  culture of assigning routes, delivery requirements, and/or workloads that could not reasonably be

20

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION,<br>AND INJUNCTIVE RELIEF

1  completed within their scheduled hours, he and other Penske Employees were directed, pressured,

2  compelled and/or otherwise coerced to regularly perform their job duties while clocked out for their

3  meal periods. Subsequently, Penske incorrectly considered the time spent by Penske Employees

4  working through meal periods as non-compensable and failed to provide any renumeration.

5      99.    Plaintiff also asserts that Penske has, and continues to have, a policy, practice,

6  procedure, guideline and/or culture of not timely paying Penske Employees overtime wages for hours

7  worked in excess of eight (8) hours per day and/or forty (40) hours per week. Plaintiff contends that

8  Penske informed Plaintiff and other Penske Employees that it would no longer pay overtime for work

9  done in excess of eight (8) hours per day and/or forty (40) hours per week. Plaintiff contends that even

10 though he and other Penske Employees continued to work in excess of eight (8) hours per day and/or

11 forty (40) hours per week, Penske Employees, including himself, were not paid overtime wages.

12     100.    Plaintiff further asserts that Penske has a policy, practice, procedure, guideline and/or

13 culture of offering and paying nondiscretionary bonuses (e.g. safety bonuses) to Penske Employees.

14 Plaintiff contends that despite paying nondiscretionary bonuses to Plaintiff and other Penske

15 Employees, Penske has a policy, practice, procedure, guideline and/or culture of not including the

16 nondiscretionary bonuses into Penske Employees' regular rate of pay for purposes of computing

17 overtime. As a result, Penske Employees were not timely paid all overtime wages.

18     101.    By virtue of Penske's unlawful failure to compensate Plaintiff and other Penske

19 Employees minimum, regular, and/or overtime wages for all of their time worked, Penske Employees

20 have suffered, and will continue to suffer, damages in amounts which are presently unknown, but

21 which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at

22 trial.

23     102.    Having received less than the legal minimum wage and/or applicable rate of overtime

24 compensation, Plaintiff and other Penske Employees are entitled to, and now seek to recover, all wages

25 and penalties owed, including penalties and liquidated damages available under Labor Code sections

26 210, 558, 1194.2, 1197.1, as well as interest and reasonable attorneys' fees and costs pursuant to Labor

27 Code sections 218.5 and 1194 and Code of Civil Procedure section 1021.5.

28

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION,
AND INJUNCTIVE RELIEF

103.    Plaintiff, on behalf of himself and other Penske Employees, requests further relief as described in the below prayer.

## FOURTH CAUSE OF ACTION

**(By Plaintiff Individually and on Behalf of the Class/Sub-Class Against Defendants and Does 1-50)**

### FAILURE TO TIMELY PAY ALL WAGES DUE AND OWED

### UPON SEPARATION OF EMPLOYMENT

**[Labor Code §§ 201-203, 204 and 210]**

104.    Plaintiff realleges and incorporates by reference, as though fully set forth herein, all paragraphs of this Complaint.

105.    Labor Code § 204 establishes an employee's fundamental right in the state of California to be paid wages in a timely manner for their work.

106.    Labor Code § 200(a) defines "wages" to include "all amounts for labor performed by employees...whether the amount is fixed or ascertained by the standard of time...commission basis, or other method of calculation." The term "labor" is further defined in subsection (b) to include "labor, work, or service whether rendered or performed under contract, subcontract, partnership...or other agreement if the labor...is performed personally by the person demanding payment."

107.    Pursuant to Labor Code § 201(a), when an employer discharges an employee, all earned wages that remain unpaid at the time of discharge are due and payable immediately.

108.    According to Labor Code § 202(a):

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

109.    In pertinent part, Labor Code § 203(a) further provides:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5,

22

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION,
AND INJUNCTIVE RELIEF

1    any wages of an employee who is discharged or who quits, the wages
     of the employee shall continue as a penalty from the due date thereof
     at the same rate until paid or until an action thereof is commenced; but
2    the wages shall not continue for more than 30 days.

3    110.    Labor Code section 210 provides that, "every person who fails to pay the wages of an

4    employee as provided in Sections 201.3, 204, ... shall be subject to a civil penalty" of $100 for an

5    initial violation and $200 plus 25% of the amount unlawfully withheld for a subsequent violation.

6    111.    Penske had, and continues to have, a policy, practice, procedure, guideline and/or

7    culture of failing to timely pay all wages due and owing upon separation of employment to all Penske

8    Employees. For instance, despite being terminated, Penske did not immediately pay Plaintiff his final

9    wages nor has Plaintiff received the required waiting time penalties.

10   112.    As a result of Penske's failure to timely and appropriately compensate Penske

11   Employees, including Plaintiff, for all minimum, regular, overtime and premium wages, Plaintiff

12   contends that Penske has a policy, practice, procedure, guideline and/or culture of willfully failing to

13   timely pay all wages due and owed to Plaintiff and other former Penske Employees who separated

14   from their employment during the relevant statutory period.

15   113.    Plaintiff further contends that Penske had, and continues to have, a policy, practice,

16   procedure, guideline, and/or culture of failing to pay the appropriate waiting time penalties to Penske

17   Employees as provided under California law.

18   114.    Penske knowingly failed to timely and appropriately compensate Penske Employees,

19   including Plaintiff, for all minimum, regular, and overtime wages and meal and/or rest period premium

20   wages, as described herein.

21   115.    Although Penske no longer employs a number of Penske Employees, including

22   Plaintiff, Penske has yet to pay all wages owed to former Penske Employees, including Plaintiff, as

23   required under California law, as well as the required waiting time penalties.

24   116.    As a consequence of Penske's willful and deliberate refusal to render such wages,

25   Plaintiff and former Penske Employees are entitled to, and thus seek a maximum of thirty (30) days'

26   wages at their daily rate of pay as a waiting time penalty, pursuant to Labor Code section 203, as well

27   as penalties pursuant to Labor Code section 210.

28

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION,
AND INJUNCTIVE RELIEF

EXHIBIT A  PAGE 41

117.    Plaintiff, on behalf of himself and former Penske Employees, is also entitled to, and seeks to recover reasonable attorneys' fees and costs as permitted by Labor Code section 218.5 and Code of Civil Procedure section 1021.5.

118.    Plaintiff, on behalf of himself and other former Penske Employees, requests further relief as described in the below prayer.

## FIFTH CAUSE OF ACTION

**(By Plaintiff Individually and on Behalf of the Class/Sub-Class Against Defendants and Does 1-50)**

**FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS**

**[Labor Code §§ 226 and 226.3, and the "Records" section of IWC Wage Order No. 9-2001]**

119.    Plaintiff realleges and incorporates by reference, as though fully set forth herein, all paragraphs of this Complaint.

120.    Labor Code § 226 states in pertinent part:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee... (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid... (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number...(8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during each period and the corresponding number of hours worked at each hourly rate by the employee...

121.    The "Records" section of IWC Wage Order No. 9-2001 states in pertinent part,

> [e]very employer shall semimonthly or at the time of each payment of wages furnish to each employee...an itemized wage statement in writing showing (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee and the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee may be aggregate and shown as one item.

122.    An injury occurs where the employer fails to provide accurate information and the employee cannot "promptly and easily determine" the total number of hours worked or the "applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate." (Labor Code § 226(a)(9)-(e)(2)(B)(i).)

24

123.   Labor Code § 226(e)(2)(c) explains that the phrase "promptly and easily determine" means that "a reasonable person would be able to readily ascertain the information without reference to documents or information."

124.   Labor Code section 226(e)(1) further provides,

> [a]n employee suffering injury as a result of knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand ($4,000), and is entitled to an award of costs and reasonable attorneys' fees.

125.   According to Labor Code section 226(h), "an employee may also bring an action for injunctive relief to ensure compliance with this section and is entitled to an award of costs and reasonable attorneys' fees."

126.   Labor Code section 226.3 imposes an additional civil penalty on the employer of $250.00 per employee per violation of Labor Code section 226(a) in an initial citation and $1,000 per employee for each violation in a subsequent citation.

127.   Plaintiff asserts that Penske has a policy, practice, procedure, guideline and/or culture of furnishing Penske Employees, including Plaintiff, with wage statements that do not comply with California law. Plaintiff contends that the wage statements furnished to him and other Penske Employees did not include, for instance, the total hours worked by the employee, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, and the actual gross and net wages earned.

128.   Plaintiff further asserts the wage statements furnished to Penske Employees were inaccurate. The wage statements, for example, did not include all applicable hourly rates that were actually in effect during the pay period, the corresponding number of hours actually worked at each hourly rate by the employee, and the actual gross and/or net wages earned and paid. Plaintiff alleges that the inaccuracies were largely due to Penske's failure to appropriately pay minimum, regular, and/or overtime wages and failure to pay meal and/or rest period premiums.

129.   Due to the lack of information on the furnished wage statements, Penske Employees, such as Plaintiff, were unable to promptly and easily determine the total number of hours worked, the

25

EXHIBIT A  PAGE 43

1  applicable hourly rates in effect during the pay period and/or the corresponding number of hours

2  worked at each hourly rate, among other things.

3      130.   Plaintiff and other Penske Employees are entitled to, and seek to recover, civil penalties

4  pursuant to Labor Code section 226.3 for violations of Labor Code section 226(a).

5      131.   Furthermore, pursuant to Labor Code section 226(h), Plaintiff and all other Penske

6  Employees are entitled to, and therefore seek injunctive relief in order to ensure that Penske complies

7  with Labor Code section 266.

8      132.   Plaintiff and all other Penske Employees are further entitled to, and seek to recover

9  reasonable attorneys' fees and costs as provided under Labor Code section 226(e)(1) and (h) and Code

10  of Civil Procedure section 1021.5.

11      133.   Plaintiff, on behalf of himself and all other Penske Employees, requests further relief as

12  described in the below prayer.

13                          **SIXTH CAUSE OF ACTION**

14  **(By Plaintiff Individually and on Behalf of the Class/Sub-Class Against Defendants and Does 1-50)**

15              **FAILURE TO MAINTAIN ACCURATE RECORDS**

16  **[Labor Code §§ 226, 1174, 1174.5, and the "Records" section of IWC Wage Order No. 9-2001]**

17      134.   Plaintiff realleges and incorporates by reference, as though fully set forth herein, all

18  paragraphs of this Complaint.

19      135.   Labor Code section 1174(d) states in pertinent part,

20              [e]very person employing labor in this state shall keep, at a central
                location in the state or at the plants or establishments at which employees
21              are employed, payroll records showing the hours worked daily by and the
                wages paid to, and the number of piece-rate units earned by and any
22              applicable piece rate paid to, employees employed at the respective plants
                or establishments. These records shall be kept in accordance with rules
23              established for this purpose by commission, but in case shall be kept on
                file for not less than three years. An employer shall not prohibit an
24              employee from maintaining a personal record of hours worked, or, if paid
                on a piece-rate basis, piece-rate units earned.
25
        136.   The "Records" section of IWC Wage Order No. 9-2001 states that every employer shall
26
   keep accurate information with respect to each one of its employees, including time records showing
27
   when the employee begins and ends each work period, meal periods, total daily hours worked, total
28
                                            26

1    wages paid each payroll period, and total hours worked in the payroll period and applicable rates of

2    pay.

3        137.    Pursuant to Labor Code section 226(a) and the "Records" section of IWC Wage Order

4    No. 9-2001, an employer must keep a copy of the wage statements furnished and the record of

5    deductions on file for at least three years.

6        138.    Labor Code section 1174.5 imposes a civil penalty of $500 for an employer's failure to

7    maintain accurate and complete records. This civil penalty is in addition to the civil penalty of $100

8    per pay period, per aggrieved employee that would be imposed pursuant to Labor Code section 2699

9    for a violation of Labor Code section 1174(d).

10       139.    Labor Code section 226(e)(1) further provides,

11               [a]n employee suffering injury as a result of a knowing and intentional
                 failure by an employer to comply with subdivision (a) [of Labor Code §
12               226] is entitled to recover the greater of all actual damages or fifty dollars
                 ($50) for the initial pay period in which a violation occurs and one hundred
13               dollars ($100) per employee for each violation in a subsequent pay period,
                 not to exceed an aggregate penalty of four thousand dollars ($4,000), and is
14               entitled to an award of costs and reasonable attorney's fees.

15       140.    Plaintiff alleges that Penske, as described herein, had, and continues to have a policy,

16   practice, procedure, guideline, and/or culture of intentionally and willfully failing to maintain accurate

17   payroll and/or employee records that properly show, among other things, the total number of hours

18   worked, the proper beginning and end of each work period, the beginning and end of each meal period,

19   all earned wages, and all wages paid to Plaintiff and other Penske Employees.

20       141.    Plaintiff and other Penske Employees have suffered, and continue to suffer, injuries and

21   damages as a consequence of Penske's deliberate failure to maintain accurate records as required by

22   the Labor Code. Specifically, Plaintiff and other Penske Employees were denied their legal right and

23   protected interest in having accurate and complete payroll and employment records available to them.

24       142.    Plaintiff and other Penske Employees are entitled to, and seek damages and penalties, as

25   outlined in Labor Code section 226(e)(1) and 1174.5.

26       143.    Plaintiff, on behalf of himself and all other Penske Employees, is entitled to, and seeks

27   to recover reasonable attorneys' fees and costs as provided by Code of Civil Procedure section 1021.5.

28

1    144.    Plaintiff, on behalf of himself and all other Penske Employees, requests further relief as

2  described in the below prayer.

**SEVENTH CAUSE OF ACTION**

**(By Plaintiff Individually and on Behalf of the Class/Sub-Class Against Defendants and Does 1-50)**

**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW**

**[Bus. & Prof. Code §§ 17200 *et seq.*]**

7    145.    Plaintiff realleges and incorporates by reference, as though fully set forth herein, all

8  paragraphs of this Complaint.

9    146.    As codified in Bus & Prof. Code sections 17200 *et seq.*, California's Unfair

10  Competition Law ("UCL") broadly prohibits "any unlawful, unfair or fraudulent business act or

11  practice."

12    147.    A cause of action may be brought under the UCL if a practice violates some other law.

13  The "unlawful" prong of the UCL effectively deems a violation of the underlying law a per se

14  violation of Bus. & Prof. Code sections 17200 *et seq.* (*Cel-Tech Commc'ns, Inc. v. Los Angeles*

15  *Cellular Tel. Co.* (1999) 20 Cal.4th 163, 180.) Virtually any law or regulation – federal or state,

16  statutory, or common law – can serve as a predicate for a section 17200 "unlawful" violation.

17  (*Farmers Ins. Exch. v. Superior Court* (1992) 2 Cal.4th 377, 383.)

18    148.    The "unfair" prong of the UCL does not require a practice to be specifically proscribed

19  by any law. (*Korea Supply Co. v. Lockheed Martin Corp.* (2003) 20 Cal.4th 1134, 1143 [internal

20  citations omitted].) Pursuant to the California Supreme Court, the "unfair standard" is intentionally

21  broad to give maximum discretion to courts in prohibiting new schemes to defraud. (*Cel-Tech*

22  *Commc'ns, Inc.*, *supra*, 20 Cal.4th at 180-81.)

23    149.    Under the UCL, a "fraudulent" business act or practice is one where "members of the

24  public are likely to be deceived." (*Blakemore v. Superior Court* (2005) 129 Cal. App. 4th 36, 49.) A

25  showing of actual deception, reasonable reliance, or damages is not required. (*Ibid.*) The fraudulent

26  prong may be used to attack the deceptive manner in which otherwise lawful contract terms are

27  presented to an individual. (*Boschma v. Home Loan Ctr., Inc.* (2011) 198 Cal.App.4th 230, 253.) As

28  such, even a true statement may be unlawful under section 17200 if it is "couched in such a manner

28

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION,
AND INJUNCTIVE RELIEF

1   that is likely to mislead or deceive..., such as by failing to disclose other relevant information." (*Ibid.*)

2         150.   As discussed herein, Penske's business practices violate all three prongs of California's

3   UCL.

4   Unlawful

5         151.   As described herein, Penske violated the Labor Code by, among other things, refusing

6   to properly compensate Penske Employees for all time worked, including overtime wages. Failing to

7   compensate employees for all time worked is a clear violation of California law, and thus a per se

8   violation of the UCL. (*Cel-Tech Commc'ns, Inc.*, *supra*, 20 Cal.4th at 180.) Penske also violated

9   California law by failing to include nondiscretionary bonuses in the employee's regular rate for

10   purposes of overtime; failing to provide legally compliant meal and/or rest periods and/or premium

11   wages in lieu thereof; failing to timely pay all wages due and owing upon separation of employment

12   and/or the required waiting time penalties; failing to furnish accurate itemized wage statements, and

13   failing to maintain accurate records. Therefore, Penske has clearly engaged in unlawful business

14   practices pursuant to Bus. & Prof. Code sections 17200 *et seq.*

15   Unfair

16         152.   Penske's policy, practice, procedure, guideline and/or culture of not paying overtime

17   wages for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week; not

18   including non-discretionary bonuses in the employee's regular rate for purposes of overtime; failing to

19   provide lawful meal and/or rest period or compensation in lieu thereof; and failing to furnish Penske

20   Employees with accurate itemized wage statements, among other things, are inherently unfair because

21   Penske knowingly strips Penske Employees of the rights afforded to them by the Labor Code, as well

22   as deprives Penske Employees of earned wages.

23   Fraudulent

24         153.   Penske's failure to pay overtime wages and/or to consider nondiscretionary bonuses

25   when calculating each employee's regular rate for purposes of overtime constitutes a fraudulent

26   business practice as it knowingly and intentionally causes Penske Employees to not receive appropriate

27   compensation for hours worked in excess of eight (8) each day and/or forty (40) each workweek.

28   Additionally, Penske's policy, practice, procedure, guideline and/or culture of providing Plaintiff and

29

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION,<br>AND INJUNCTIVE RELIEF

1  other Penske Employees with inaccurate wage statements constitutes a fraudulent business practice as

2  Plaintiff and all other Penske Employees are likely to be, and actually are deceived, as to whether they

3  were paid for all time worked, particularly as the wage statements do not include the total hours

4  worked by the employee, all applicable hourly rates in effect during the pay period and the

5  corresponding number of hours worked at each hourly rate by the employee.

6      154.    As a direct and proximate result of Penske's unlawful, unfair and fraudulent business

7  practices, Plaintiff and all other Penske Employees have suffered injury-in-fact and have lost wages

8  rightfully owed to them.

9      155.    Through its unlawful, unfair and fraudulent conduct, Penske has been unjustly enriched

10 by receiving and continuing to receive benefits and profits at the expense of Penske Employees.

11 Therefore, pursuant to Bus. & Prof. Code sections 17200 *et seq.*, Penske should be enjoined from this

12 activity and made to disgorge all ill-gotten gains and restore Plaintiff and all other Penske Employees

13 the wages wrongfully withheld from them.

14     156.    Moreover, the unlawful, unfair and fraudulent conduct alleged herein has continued,

15 and there is no indication that Penske will refrain from such activity in the future. Plaintiff believes and

16 alleges that if Penske is not enjoined from the conduct described herein, Penske will continue to violate

17 California law at the expense of its Penske Employees. Accordingly, Plaintiff requests that the Court

18 issue a preliminary and permanent injunction against Penske.

19     157.    Plaintiff, on behalf of himself and all other Penske Employees, requests further relief as

20 described in the below prayer.

21                                    **ANTICIPATED LEGAL CLAIM**

22     158.    On September 25, 2020, Plaintiff submitted written notice to the California Labor and

23 Workforce Development Agency ("LWDA") and Penske as required by the Private Attorneys General

24 Act of 2004 ("PAGA") informing them of Penske's alleged violations of the Labor Code.

25     159.    On October 5, 2020, Plaintiff submitted an amended written notice to the LWDA and

26 Penske as mandated by the statute notifying them of Penske's alleged violations of the Labor Code.

27     160.    According to Labor Code § 2699.3, the LWDA has sixty-five days from the date of

28 submission to notify the parties of whether it intends to investigate the alleged violations.

30

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION,
AND INJUNCTIVE RELIEF

161. If the LWDA does not provide the parties with notice of its intent to investigate within the time proscribed by the statute, Plaintiff will amend his complaint to include a claim for civil penalties under the PAGA.

## **PRAYER FOR RELIEF**

Plaintiff prays for judgement against Defendants in favor of the class action as follows:

a. For an order determining that this action may be maintained as a class action with the named Plaintiff as the class representative;

b. For the attorneys appearing on the above caption to be named class counsel;

c. For all wages and benefits due to Plaintiff and all other Penske Employees pursuant to California law;

d. For all minimum, regular and/or overtime wages owed pursuant to Labor Code sections 510, 558, 1194, 1197.1, and/or other applicable law;

e. For premium wages pursuant to Labor Code section 226.7 and/or other applicable law;

f. For waiting time penalties pursuant to Labor Code section 203, and/or other applicable law;

g. For damages, pursuant to Labor Code section 226, Civil Code § 3281, and/or other applicable law;

h. For all liquidated damages, pursuant to Labor Code sections 1194.2, 1197.1, and/or other applicable law;

i. For any and all penalties available for the violations alleged herein, including penalties under Labor Code sections 210, 226(e)(1), 226.3, 558, 1174.5, 1197.1, and/or other applicable law;

j. For injunctive relief, pursuant to Labor Code section 226(h) and Bus. & Prof. Code section 17203, and/or other applicable law;

k. For restitution for Defendants' unfair, unlawful, and fraudulent business practices as provided by Labor Code section 1197.1 and Bus. & Prof. Code section 17203;

l. For reasonable attorneys' fees and costs of suit pursuant to Labor Code sections

31

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION,
AND INJUNCTIVE RELIEF

1                  218.5, 226(e)(1), 226(h), 1194, Code of Civil Procedure section 1021.5, the

2                  "common fund" theory, the "substantial benefit" theory and/or other applicable

3                  law, theory or doctrine;

4      m.      For a declaratory judgment that Defendants violated Labor Code sections 201-

5                  203, 204, 210, 226, 226.3, 226.7, 510, 512, 558, 1174, 1174.5, 1194, 1194.2,

6                  1197, 1197.1, 1198, 1199, as well as the "Hours and Days of Work," "Minimum

7                  Wages," "Records," "Meal Periods," and "Rest Periods" sections of IWC Wage

8                  Order 9-2001;

9      n.      For pre- and post- judgment interest as provided by California law;

10     o.      For appropriate equitable relief pursuant to California law; and

11     p.      For any other relief, the Court may deem as just and proper.

12                             **DEMAND FOR JURY TRIAL**

13        Plaintiff hereby demands a jury trial on issues triable to a jury.

14

15  Dated: October 15, 2020              **GRAHAMHOLLIS APC**

16

17                        By: *Monique R. Rodriguez*

18                         Graham S.P. Hollis

                                 Vilmarie Cordero

19                         Hali M. Anderson

                                   Monique R. Rodriguez

20                         *Attorneys for Plaintiff Ladell Taylor*

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION,
AND INJUNCTIVE RELIEF

# EXHIBIT B

EVAN R. MOSES, CA Bar No. 198099
evan.moses@ogletree.com
NOEL M. HICKS, CA Bar No. 310521
noel.hicks@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:     213-239-9800
Facsimile:     213-239-9045

PAUL B. MASLO (*Pro Hac Vice Pending*)
paul.maslo@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
Preston Commons West
8117 Preston Road, Suite 500
Dallas, TX  75225
Telephone:   214-987-3800
Facsimile:   214-987-3927

Attorneys for Defendants
PENSKE LOGISTICS LLC and PENSKE TRUCK
LEASING CO., L.P.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| LADELL TAYLOR, as an individual, on behalf of himself, and all other persons similarly situated,<br><br>                 Plaintiff,<br><br>         vs.<br><br>PENSKE LOGISTICS, LLC, a Delaware limited liability company authorized to do business in California; PENSKE TRUCK LEASING CO., L.P., a Delaware limited partnership authorized to do business in California; and DOES 1 through 50, inclusive<br><br>                 Defendants. | Case No. CIV DS 2022481<br><br>**DEFENDANTS PENSKE LOGISTICS LLC AND PENSKE TRUCK LEASING CO, L.P.'S ANSWER TO PLAINTIFF LADELL TAYLOR'S COMPLAINT**<br><br>[Assigned for all purposes to The Honorable David S. Cohn, Dept. S26]<br><br>Action Filed:        October 16, 2020<br>Trial Date:          None |

45087424_1.docx

**TO PLAINTIFF LADELL TAYLOR AND HIS COUNSEL OF RECORD:**

Defendants Penske Logistics LLC and Penske Truck Leasing Co., L.P. answer Plaintiff Ladell Taylor's Class Action Complaint ("Complaint") as follows:

## **GENERAL DENIAL**

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendants deny generally and specifically each and every allegation contained in Plaintiff's Complaint and deny further that Plaintiff has been injured in the amount or manner alleged or in any other manner whatsoever.

## **AFFIRMATIVE DEFENSES**

As separate and affirmative defenses to the Complaint and each cause of action, claim, and allegation contained therein, Defendants allege as follows:

## **FIRST AFFIRMATIVE DEFENSE**

### **(Failure to State a Cause of Action or Claim for Relief – All Causes of Action)**

Neither the Complaint as a whole, nor any purported cause of action alleged therein, states facts sufficient to constitute a cause of action or claim for relief against Defendants.

## **SECOND AFFIRMATIVE DEFENSE**

### **(No Employment Relationship – All Causes of Action)**

The Complaint and each purported cause of action alleged therein fails as to Defendants because no employment relationship ever existed between one or more Defendants and Plaintiff and/or the putative class members.

## **THIRD AFFIRMATIVE DEFENSE**

### **(Statute of Limitations – All Causes of Action)**

The alleged claims are barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, California Labor Code Sections 201, 202, 203, 221, 224, 226, 226.7, 510, 512, 1194, 1197, 1198; California Code of Civil Procedure Sections 312, 338(a), 340, 343; and California Business and Professions Code Section 17200, *et seq.*

---

1

**FOURTH AFFIRMATIVE DEFENSE**

**(Laches – All Causes of Action)**

The alleged claims are barred, in whole or in part, by the doctrine of laches because Plaintiff unreasonably delayed in filing the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

**(Waiver – All Causes of Action)**

The alleged claims are barred, in whole or in part, by the doctrine of waiver. Plaintiff and the putative class members, by their own conduct and actions, have waived their right to assert the purported claims alleged in the Complaint and each purported cause of action therein against Defendants.

**SIXTH AFFIRMATIVE DEFENSE**

**(Estoppel – All Causes of Action)**

Because of Plaintiff's and/or the putative class members' own acts or omissions, Plaintiff and the putative class members are barred by the equitable doctrine of estoppel from maintaining this action or pursuing any cause of action alleged in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Equitable Tolling – All Causes of Action)**

To the extent that Plaintiff and the putative class members seek to pursue claims beyond the applicable statute of limitations, the alleged claims are not entitled to equitable tolling.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Reasonable, Good Faith Belief in Actions Taken – All Causes of Action)**

The Complaint and each alleged cause of action alleged therein are barred by the fact that any decisions made by Defendants with respect to Plaintiff and/or the putative class members' employment were reasonably based on the facts as Defendants understood them in good faith. To the extent a court holds that Plaintiff and the putative class members are entitled to damages or penalties, which are specifically denied, Defendants acted, at all relevant times, on the basis of a good faith and reasonable belief that they have complied fully with California wage and hour laws. Consequently, any alleged unlawful conduct was not intentional, knowing, or willful within the

2

1   meaning of the California Labor Code.

2   ## NINTH AFFIRMATIVE DEFENSE

3   ### (Failure to Inform Employer of Alleged Violations – All Causes of Action)

4   The Complaint and each cause of action alleged therein are barred because Plaintiff and/or

5   the putative class members did not inform Defendants of any alleged unlawful conduct including,

6   for example, any alleged meal or rest period violations, any alleged failure to pay wages or

7   premium wages, any alleged inaccuracies regarding their pay stubs, any alleged failure to maintain

8   accurate records, or any alleged failure to timely pay wages due upon separation prior to filing a

9   lawsuit. Thus, Plaintiff did not provide Defendants with an opportunity to correct any alleged

10  violations and provide the appropriate remedy, if any, to Plaintiff prior to the filing of the lawsuit.

11  ## TENTH AFFIRMATIVE DEFENSE

12  ### (De Minimis Doctrine – All Causes of Action)

13  The Complaint and each cause of action alleged therein fails to the extent that, even if

14  Plaintiff and the putative class members were not paid for all work performed, such work is not

15  compensable pursuant to the de minimis doctrine. Pursuant to the de minimis doctrine, an employer

16  is not required to pay for insubstantial or insignificant periods of purported off-the-clock work. *See,*

17  *e.g.*, *Gillings v. Time Warner Cable LLC*, 583 F. App'x 712, 714 (9th Cir. 2014) (finding that

18  federal de minimis wage-and-hour doctrine applies under California law); *Rutti v. Lojack Corp.*,

19  596 F.3d 1046, 1057-1058 (9th Cir. 2010) (noting that "most courts have found daily periods of

20  approximately ten minutes de minimis even though otherwise compensable") (quotation marks

21  omitted); *Lindow v. United States*, 738 F.2d 1057, 1062, 1064 (9th Cir. 1984) ("It is only when an

22  employee is required to give up a substantial measure of his time and effort that compensable

23  working time is involved," which is why "most courts have found daily periods of 10 minutes de

24  minimis even though otherwise compensable.").

25  ## ELEVENTH AFFIRMATIVE DEFENSE

26  ### (Good Faith Dispute – Fourth and Fifth Causes of Action)

27  Plaintiff and putative class members are not entitled to any penalty because, at all relevant

28  and material times, Defendants did not intentionally, knowingly, or willfully fail to comply with

3

DEFENDANTS PENSKE LOGISTICS LLC AND
PENSKE TRUCK LEASING CO, L.P.'S ANSWER TO PLAINTIFF LADELL TAYLOR'S COMPLAINT

**EXHIBIT B  PAGE 54**

any provisions of the California Labor Code or applicable wage orders. Instead, they acted in good faith and had reasonable grounds for believing that they did not violate the California Labor Code or any applicable wage order.

## TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Standing – All Causes of Action)

The Complaint and each purported cause of action alleged therein are barred for lack of subject matter jurisdiction to the extent Plaintiff lacks standing to assert any of the causes of action alleged in the Complaint because Plaintiff has not suffered any injury.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction – All Causes of Action)

The alleged claims are barred by the doctrine of accord and satisfaction. Specifically, Plaintiff and the putative class members were properly and fully compensated for all work performed, and their acceptance of these payments constituted an accord and satisfaction for all debts, if any, owed by Defendants to Plaintiff and/or the putative class members.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Release – All Causes of Action)

To the extent Plaintiff and/or the putative class members have executed or are bound by a release encompassing claims alleged in the Complaint, their claims are barred by that release.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Offset – All Causes of Action)

The Complaint and each cause of action alleged therein fail to the extent that Defendants are entitled to an off-set for any overpayments of wages provided for work never actually performed, any damages incurred by Plaintiff or any putative class member's act or omissions, or inadvertent overpayment for hours worked.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Res Judicata and Collateral Estoppel – All Causes of Action)

The Complaint and each purported cause of action alleged therein are barred by the doctrines of res judicata and/or collateral estoppel.

4

EXHIBIT B  PAGE 55

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Consent/Ratification – All Causes of Action)

Even if any of the alleged conduct of Defendants occurred (which Defendants expressly deny), such conduct was approved, consented to, ratified, or authorized by Plaintiff and putative class members through their actions, omissions, and course of conduct, among other things.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Arbitration – All Causes of Action)

To the extent Plaintiff and/or the putative class members have agreed to arbitrate claims alleged in the Complaint, their claims are barred by their contractual agreement to arbitrate and they may not participate in this lawsuit.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Meal Period Waiver)

To the extent Plaintiff and/or the putative class members voluntarily waived the right to a meal period for shifts of more than five but less than six hours and/or shifts of more than ten but less than twelve hours, no violation of the California Labor Code or the IWC Wage Orders exists.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Excessive Penalties – All Causes of Action)

Plaintiff and/or the putative class members are not entitled to recover any penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary, and oppressive, or confiscatory or disproportionate to any damage or loss incurred as a result of Defendants' alleged conduct and therefore unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and other provisions of the United States Constitution, as well as the excessive fines clause of Section 17 of Article I, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article I, and other provisions of the California Constitution.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Duplicate Damages or Double Recovery – All Causes of Action)**

To the extent Plaintiff and/or the putative class members have received other benefits and/or awards attributable to any injury for which they seek compensation in this case, such benefits and/or awards should offset, in whole or in part, any award they receive here for the same injury.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Unavailable Remedies Under the California Unfair Competition Law)**

The Complaint fails to the extent that it seeks anything but restitution for alleged violations of the Labor Code that form the basis of the claims under the California Unfair Competition Law, California Business and Professions Code Section 17200, *et seq.*

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Substantial Compliance – All Causes of Action)**

The Complaint and each purported cause of action alleged therein are barred in whole or in part because Defendants complied with the statutory obligations. To the extent it is determined that there was a technical non-compliance, Defendants substantially complied with the obligations and cannot be liable in whole or in part for the claims.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Privilege/Legitimate Business Reasons – All Causes of Action)**

The Complaint and each purported cause of action alleged therein are barred because Defendants had an honest, good faith belief that all decisions, if any, affecting Plaintiff and the putative class members were made by Defendants solely for legitimate, business-related reasons that were neither arbitrary, capricious, nor unlawful and were reasonably based upon the facts as Defendants understood them.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Contribution – All Causes of Action)**

The Complaint and each purported cause of action alleged therein are barred because any injuries and/or alleged damages were proximately caused by and/or contributed to by the acts,

6

omissions, and/or failure to act by Plaintiff and/or the putative class members.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Labor Code Section 2856 – All Causes of Action)

Plaintiff's claims and those of the members of the putative class are barred by Labor Code Section 2856 to the extent that Plaintiff and/or the putative class members failed substantially to comply with all the directions of Defendants, and such failure proximately caused the alleged losses for which they seek relief.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Use Ordinary Care - All Causes of Action)

The Complaint and each purported cause of action alleged therein are barred to the extent that Plaintiff and putative class members received good consideration in agreement to serve as employees of Defendants, yet failed to use ordinary care and diligence during their employment, or employment-related duties, pursuant to California Labor Code Sections 2850 and 2854.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Perform Services - All Causes of Action)

The Complaint and each purported cause of action alleged therein are barred to the extent that Plaintiff and/or putative class members failed to perform services in conformity to the usage of the place of performance and were not otherwise directed by the employer, and such performance was neither impracticable, nor manifestly injurious pursuant to California Labor Code Section 2857.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Degree of Skill - All Causes of Action)

The Complaint and each purported cause of action alleged therein are barred to the extent that Plaintiff and putative class members failed to exercise a reasonable degree of skill in performing their job duties, pursuant to California Labor Code Section 2858.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Failure to Use Skill Possessed - All Causes of Action)

The Complaint and each purported cause of action alleged therein are barred to the extent

7

DEFENDANTS PENSKE LOGISTICS LLC AND
PENSKE TRUCK LEASING CO, L.P.'S ANSWER TO PLAINTIFF LADELL TAYLOR'S COMPLAINT

1  that Plaintiff and/or putative class members did not use such skill as they possessed, so far as the

2  same is required, for the service specified for Defendant, as provided under California Labor Code

3  Section 2859.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Not Appropriate for Class Action – All Causes of Action)

6  The lawsuit cannot proceed on a class action basis because Plaintiff cannot allege facts

7  sufficient to warrant certification or an award of class-wide damages, pursuant to California Code

8  of Civil Procedure Section 382 or Federal Rule of Civil Procedure 23. The Complaint and each

9  purported cause of action alleged therein are not proper for treatment as a class action because,

10  among other reasons, (a) Plaintiff is an inadequate representative of the purported class; (b)

11  Plaintiff cannot establish commonality of claims; (c) Plaintiff cannot establish typicality of claims;

12  (d) the individualized nature of Plaintiff's claims predominate; and (e) a class action is not superior

13  to other methods available for adjudicating any controversy. Also, the Complaint does not allege a

14  viable theory for class-wide recovery to show that a class action trial is manageable.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Motor Carrier Exemption)

17  Plaintiff and/or the putative class members' purported overtime claims set forth in the

18  Complaint are barred, in whole or in part, because Plaintiff and/or the putative class members are

19  exempted by the Motor Carrier Act.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Preemption Based on the Federal Motor Carrier Safety Administration)

22  Plaintiff and/or the putative class members' purported causes of action for meal and rest

23  period violations set forth in the Complaint are barred, in whole or in part, because Plaintiff and/or

24  the putative class members are exempted by the Federal Motor Carrier Safety Administration

25  ("FMSCA"). The FMSCA has ruled that California's meal and rest break rules are preempted by

26  the FMSCA hours of service regulations. *See, e.g.*, Cal. Meal and Rest Break Rules for

27  Commercial Motor Vehicle Drivers; Petition for Determination of Preemption, 83 FR 67470-01;

28  *Henry v. Cent. Freight Lines, Inc.*, 2019 WL 2465330, at *4 (E.D. Cal. June 13, 2019).

DEFENDANTS PENSKE LOGISTICS LLC AND
PENSKE TRUCK LEASING CO, L.P.'S ANSWER TO PLAINTIFF LADELL TAYLOR'S COMPLAINT

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Labor Code Sections 512(e) and (f))

Plaintiff and/or the putative class members' purported causes of action for meal and rest period violations set forth in the Complaint are barred, in whole or in part, under Labor Code Sections 512(e) and (f) because Plaintiff and/or the putative class members are subject to collective bargaining agreements.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (No Liquidated Damages)

Plaintiff and/or the putative class members are not entitled to liquidated damages because any acts or omissions giving rise to the alleged claims were undertaken or made in good faith, and Defendants had reasonable grounds for believing that the actions or omissions did not violate the law. Thus, Defendants cannot be held to have willfully failed to comply with the requirements of the California Labor Code.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Unconstitutionally Vague)

Defendants allege, based on information and belief, that the Complaint, or portions thereof, are barred because the applicable California Labor Code provisions and wage orders of the Industrial Welfare Commission as applied are unconstitutionally vague and ambiguous and violate Defendants' rights under the United States and California Constitutions as to, among other things, due process of law.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Show Denial of Meal or Rest Periods)

Plaintiff and/or the putative class members' meal and rest period claims are barred to the extent that Plaintiff cannot allege facts showing that Defendants required or requested Plaintiff and/or the putative class members to work during any meal or rest period, failed to provide Plaintiff and/or the putative class members with a meal or rest period, or failed to authorize and permit a meal or rest period in accordance with an applicable order of the California Industrial Welfare Commission or the California Labor Code.

9

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Knowledge of Overtime or Denial of Rest Periods)

Plaintiff and putative class members' overtime and rest period claims are barred to the extent that Defendants did not have actual or constructive knowledge about any purported overtime or off-the-clock work allegedly performed by Plaintiff or any "aggrieved employees." Defendants also did not have actual or constructive knowledge that Plaintiff or any "aggrieved employees" were denied any rest periods. *See, e.g.*, *Brinker v. Superior Court*, 53 Cal. 4th 1004, 1051-1052 (2012); *Forrester v. Roth's I.G.A. Foodliner, Inc*., 646 F.2d 413, 414 (9th Cir. 1981) ("where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours [is] not a violation"); *Davis v. Food Lion*, 792 F.2d 1274, 1276-77 (4th Cir. 1986) ("it is necessary for a plaintiff to show that his employer had knowledge, either actual or constructive, of his overtime work").

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (No Double Penalties)

Plaintiff and putative class members' claims for penalties are barred to the extent that Plaintiff claims twice the statutory penalty provided under Labor Code § 226.7 for allegedly denied meal or rest periods in a single day.

## FORTIETH AFFIRMATIVE DEFENSE

### (Failure to Show the Lack of Itemized or Accurate Wage Statements or a Resulting Injury)

Plaintiff and putative class members' claims for failure to provide accurate wage statements are barred to the extent that Plaintiff and putative class members cannot show that Defendants failed to furnish an accurate, itemized statement in writing at the time of each payment of wages or that they suffered a resulting injury.

## RESERVATION OF RIGHTS

Defendants presently have insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses. Defendants reserve the right to assert additional defenses in the event that discovery or investigation indicates that such defenses

10

1  are appropriate.

2       To the extent that Defendants have not expressly admitted an allegation of the Complaint or

3  denied an allegation of the Complaint based on a lack of knowledge and information, Defendants

4  deny all further and remaining allegations of the Complaint, and no response contained herein is

5  intended to constitute a waiver of such denial.

6  **PRAYER**

7       WHEREFORE, Defendants pray for judgment as follows:

8      1.    For entry of judgment in favor of Defendants and against Plaintiff;

9      2.    That Plaintiff take nothing by way of the Complaint;

10      3.    That Defendants be awarded costs of suit incurred herein;

11      4.    For reasonable attorneys' fees; and

12      5.    For any further relief as the Court deems necessary and just.

13  DATED:  December 18, 2020       OGLETREE, DEAKINS, NASH, SMOAK &

14               STEWART, P.C.

15

16               By: _____

17                 Evan R. Moses

18                 Noel Hicks
                  Paul B. Maslo

19               Attorneys for Defendants

20               PENSKE LOGISTICS LLC and PENSKE
                TRUCK LEASING CO., L.P.

21

22

23

24

25

26

27

28

DEFENDANTS PENSKE LOGISTICS LLC AND          **EXHIBIT B  PAGE 62**
PENSKE TRUCK LEASING CO, L.P.'S ANSWER TO PLAINTIFF LADELL TAYLOR'S COMPLAINT

**PROOF OF SERVICE**
*Ladell Taylor v. Penske Logistics, LLC, et al.*
Case No. CIV DS 2022481

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Los Angeles, in the office of a member of the bar of this court at whose direction the service was made.  My business address is 400 South Hope Street, Suite 1200, Los Angeles, CA 90071.

On December 18, 2020, I served the following document:

**DEFENDANTS PENSKE LOGISTICS LLC AND**
**PENSKE TRUCK LEASING CO., L.P.'S ANSWER TO**
**PLAINTIFF LADELL TAYLOR'S COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached mailing list.

**BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

| | |
|---|---|
| Graham S.P. Hollis, Esq.<br>Vilmarie Cordero, Esq.<br>Hali M. Anderson, Esq.<br>Monique R. Rodriguez, Esq.<br>GRAHAM HOLLIS APC<br>3555 Fifth Avenue, Suite 200<br>San Diego, California  92103<br>Telephone:      (619) 692-0800<br>Facsimile:      (619) 692-0822<br>Email:      ghollis@grahamhollis.com<br>            vcordero@grahamhollis.com<br>            handerson@grahamhollis.com<br>            mrodriguez@grahamhollis.com | Attorneys for Plaintiff<br>Ladell Taylor, as an individual, on behalf of himself, and all other persons similarly situated, |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 18, 2020, at Los Angeles, California.

Mimie Normis
_____
Type or Print Name

_____
Signature

45087424_1.docx

# EXHIBIT C

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**  Penske Logistics, LLC, a Delaware limited liability company *(AVISO AL DEMANDADO):*  authorized to do business in California; Penske Truck Leasing Co., L.P., a Delaware limited partnership authorized to do business in California; and Does 1 through 50 inclusive | **FOR COURT USE ONLY** *(SOLO PARA USO DE LA CORTE)* <br> F I L E D <br> SUPERIOR COURT OF CALIFORNIA <br> COUNTY OF SAN BERNARDINO <br> SAN BERNARDINO DISTRICT <br><br> OCT 1 6 2020 <br><br> BY: _____ <br> ANDREA GARCIA, DEPUTY |

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Ladell Taylor, as an individual, on behalf of himself, and all persons similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* <br> San Bernardino County Superior Court - Civil Division <br> 247 West 3rd Street, San Bernardino, CA 92415-0210 | CASE NUMBER: *(Número del Caso):* <br> CIV DS 2 0 2 2 4 8 1 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Graham S.P. Hollis (SBN 120577); Vilmarie Cordero (SBN 268860); Hali M. Anderson (SBN 261816); Monique R. Rodriguez (SBN 304223)
3555 Fifth Avenue, Suite 200, San Diego, CA 92103; (619) 692-0800

| | | |
|---|---|---|
| DATE:  OCT 1 6 2020 <br> *(Fecha)* | Clerk, by  Andrea Garcia <br> *(Secretario)* | , Deputy <br> *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

COPY

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Penske Truck Leasing Co., L.P., a Delaware limited partnership authorized to do business in California

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* a Delaware limited partnership authorized to do business in California

4. ☒ by personal delivery on *(date)* 11-20-2020

| | | |
|---|---|---|
| | | Page 1 of 1 |
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 <br> www.courts.ca.gov |

EXHIBIT C  PAGE 64

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
GRAHAMHOLLIS, APC;  Graham S.P. Hollis (SBN 120577)/ Vilmarie Cordero (SBN
268860)/Hali M. Anderson (SBN 261816)/ Monique R. Rodriguez (SBN 304223)
3555 Fifth Avenue, Suite 200, San Diego, CA 92103

TELEPHONE NO.: (619) 692-0800      FAX NO. *(Optional):* (619) 692-0822
ATTORNEY FOR *(Name):* Plaintiff Ladell Taylor

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino, CA 92415-0210
BRANCH NAME: Civil Division

CASE NAME:
Ladell Taylor v. Penske Logistics, LLC; Penske Truck Leasing Co., L.P.; Does 1 through 50

**FOR COURT USE ONLY**

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

OCT 16·2020

BY _____
ANDREA GARCIA, DEPUTY

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited  [ ] Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CIV DS 2 0 2 2 4 8 1  JUDGE:  DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [x] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 7 (please see attachment)
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 15, 2020

Monique R. Rdodriguez
(TYPE OR PRINT NAME)

► Monique R. Rodriguez
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

EXHIBIT C  PAGE 65

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

EXHIBIT C  PAGE 66

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Ladell Taylor v. Penske Logistics, LLC, et al. | |

**ATTACHMENT** *(Number):* 1 _____

*(This Attachment may be used with any Judicial Council form.)*

ATTACHMENT TO CIVIL CASE COVER SHEET

4. Number of causes of action (specify):

1. FAILURE TO PROVIDE LEGALLY COMPLIANT MEAL PERIODS OR COMPENSATION IN LIEU THEREOF (Labor Code §§ 204, 226.7 and 512);

2. FAILURE TO PROVIDE LEGALLY COMPLIANT REST PERIODS OR COMPENSATION IN LIEU THEREOF (Labor Code §§ 204 and 226.7);

3. FAILURE TO TIMELY PAY MINIMUM, REGULAR, AND/OR OVERTIME WAGES (Labor Code §§ 204, 210, 510, 558, 1194, 1194.2, 1197, 1197.1, 1198 and 1199);

4. FAILURE TO TIMELY PAY ALL WAGES DUE AND OWED UPON SEPARATION OF EMPLOYMENT (Labor Code §§ 201-203, 204 and 210);

5. FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS (Labor Code §§ 226 and 226.3);

6. FAILURE TO MAINTAIN ACCURATE RECORDS (Labor Code §§ 226, 1174 and 1174.5); and

7. VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW (Bus. & Prof. Code §§ 17200 et seq.).

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 1

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

*www.courtinfo.ca.gov*

EXHIBIT C  PAGE 67

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Ladell Taylor

Case No.: **CIV DS 2 0 2 2 4 8 1**

vs.

**CERTIFICATE OF ASSIGNMENT**

Penske Logistics, LLC, et al.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the **San Bernardino - Civil Division** District of the Superior Court under Rule131 and General Order of this court for the checked reason:

■ General            ☐ Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other _Employment_ | The causes of action arose within the district. |
| | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

Penske Logistics, LLC - Place of Employment                              280 De Berry Street
NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR                       ADDRESS

Colton                              California                              92324
CITY                                 STATE                                   ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on October 15, 2020        at San Diego                                   ,
California.

*Monique R. Rodriguez*
Signature of Attorney/Party

Form # 13-16503-360            CERTIFICATE OF ASSIGNMENT            Rev. June 2019
Mandatory Use

EXHIBIT C  PAGE 68

11 06 20-01

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

San Bernardino District - Civil
247 West Third Street

San Bernardino CA 924150210
--------------------------------------------------------------------
--------------------------------------------------------------------

CASE NO: CIVDS2022481

GRAHAMHOLLIS APC
3555 FIFTH AVE.
SAN DIEGO CA 92103

I M P O R T A N T   C O R R E S P O N D E N C E

From the above entitled court, enclosed you will find:

INITIAL COMPLEX ORDER AND GUIDELINES

--------------------------------------------------------------------
--------------------------------------------------------------------

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 10/30/20
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 10/30/20 at San Bernardino, CA

BY: ALFIE CERVANTES
--------------------------------------------------------------------

M A I L I N G   C O V E R   S H E E T

EXHIBIT C  PAGE 69

1  | Superior Court of California
   | County of San Bernardino
2  | 247 W. Third Street, Dept. S-26
   | San Bernardino, CA  92415-0210

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

OCT 29 2020

BY _____
ALFIE CERVANTES, DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN BERNARDINO, SAN BERNARDINO DISTRICT

| | |
|---|---|
| TAYLOR | Case No.: CIVDS 2022481 |
| vs. | |
| PENSKE LOGISTICS | **INITIAL CASE MANAGEMENT CONFERENCE ORDER** |

This case is assigned for all purposes to Judge David Cohn in the Complex Litigation Program, Department S-26, located at the San Bernardino Justice Center, 247 West Third Street, San Bernardino, California, 92415-0210.  Telephone numbers for Department S-26 are (909) 521-3519 (Judicial Assistant) and (909) 708-8866 (Court Attendant).

-1-

EXHIBIT C  PAGE 70

### The Initial Case Management Conference

An initial Case Management Conference (CMC) is scheduled for __JAN 2 5 2021__ at 9:00 a.m.  Due to the social distancing requirements imposed by the COVID-19 pandemic, the initial CMC (and all subsequent CMCs) will be conducted remotely, via CourtCall.  Contact CourtCall at (888) 882-6878 (www.CourtCall.com) to schedule the appearance through CourtCall.   Until further order of the Court, in-person attendance at CMCs is not allowed.[1]

Counsel for all parties are ordered to attend the initial CMC.  If there are defendants who have not yet made a general or special appearance, those parties who are presently before the court may jointly request a continuance of the initial CMC to allow additional time for such non-appearing defendants to make their general or special appearances.   Such a request should be made by submitting a Stipulation and Proposed Order to the Court, filed directly in Department S-26, no later than five court days before the scheduled hearing.

### Stay of the Proceedings

Pending further order of this Court, and except as otherwise provided in this Order, these proceedings are stayed in their entirety.  This stay precludes the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court.  Each defendant, however, is directed to file a Notice of General Appearance (or a Notice of Special Appearance if counsel intends to challenge personal jurisdiction) for purposes of identification of counsel and preparation of a service list.  The filing of a

---

[1] In-person appearances are allowed for motions, but are discouraged.  Until the Pandemic restrictions are lifted, please use CourtCall whenever possible.

EXHIBIT C  PAGE 71

1  Notice of General Appearance is without prejudice to any substantive or procedural
2  challenges to the complaint (including subject matter jurisdiction), without prejudice to
3  any denial or affirmative defense, and without prejudice to the filing of any cross-
4  complaint.  The filing of a Notice of Special Appearance is without prejudice to any
5
6  challenge to the court's exercise of personal jurisdiction.  This stay of the proceedings is
7  issued to assist the court and the parties in managing this case through the
8  development of an orderly schedule for briefing and hearings on any procedural or
9  substantive challenges to the complaint and other issues that may assist in the orderly
10  management of this case.  This stay shall not preclude the parties from informally
11
12  exchanging documents and other information that may assist them in their initial
13  evaluation of the issues.

14  **Service of this Order**

15      Plaintiffs' counsel is ordered to serve this Order on counsel for each defendant,
16  or, if counsel is not known, on each defendant within five days of the date of this Order.
17
18  If the complaint has not been served as the date of this Order, counsel for plaintiff is to
19  serve the complaint along with this Order within ten days of the date of this Order.

20  **Agenda for the Initial Case Management Conference**

21      Counsel for all parties are ordered to meet and confer in person no later than ten
22
23  days before the initial CMC to discuss the subjects listed below.  Counsel
24  must be fully prepared to discuss these subjects with the court:

25      1.  Any issues of recusal or disqualification;

26      2.  Any potentially dispositive or important threshold issues of law or fact that, if
27
28          considered by the court, may simplify or further resolution of the case;

-3-

EXHIBIT C  PAGE 72

3. Appropriate mechanisms for Alternative Dispute Resolution;

4. A plan for the preservation of evidence and a uniform system for the identification of documents to be used throughout the course of this litigation, including discovery and trial;

5. A discovery plan for the disclosure and production of documents and other discovery, including whether the court should order automatic disclosures, patterned on Federal Rule of Civil Procedure 26(a) or otherwise;

6. Whether it is advisable to conduct discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case;

7. Any issues involving the protection of evidence and confidentiality;

8. The use and selection of an electronic service provider;

9. The handling of any potential publicity issues;

10. Any other issues counsel deem appropriate to address with the court.

**The Joint Report**

Counsel are ordered to prepare a Joint Report for the initial CMC, to be filed directly in Department S-26 (not in the Clerk's office), no later than four court days before the conference date.  The Joint Report must include the following:

1. Whether the case should or should not be treated as complex;

2. Whether additional parties are likely to be added and a proposed date by which all parties must be served;

3. A service list (the service list should identify all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses, and fax numbers for all counsel.)

-4-

EXHIBIT C  PAGE 73

4. Whether the court should issue an order requiring electronic service.  Counsel should advise the court regarding any preferred web-based electronic service provider;

5. Whether any issues of jurisdiction or venue exist that might affect this court's ability to proceed with this case.

6. Whether there are applicable arbitration agreements, and the parties' views on their enforceability;

7. A list of all related litigation pending in this or other courts (state and federal), a brief description of any such litigation, including the name of the judge assigned to the case, and a statement whether any additional related litigation is anticipated;

8. A description of the major factual and legal issues in the case.  The parties should address any contracts, statutes, or regulations on which claims or defenses are based, or which will require interpretation in adjudicating the claims and defenses;

9. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;

10. A discovery plan, including the time need to conduct discovery and whether discovery should be conducted in phases or limited (and, if so, the order of phasing or types of limitations).  With respect to the discovery of electronically stored information (ESI ), the plan should include:

   a. Identification of the Information Management Systems used by the parties;

-5-

EXHIBIT C  PAGE 74

b. The location and custodians of information that is likely to be subject to production (including the identification of network and email servers and hard-drives maintained by custodians);

c. The types of ESI that will be requested and produced, e.g. data files, emails, etc.;

d. The format in which ESI will be produced;

e. Appropriate search criteria for focused requests.

f. A statement whether the parties will allow their respective IT consultants or employees to participate directly in the meet and confer process.

11. Whether the parties will stipulate that discovery stays or other stays entered by the court for case management purposes will be excluded in determining the statutory period for bringing the case to trial under Code of Civil Procedure Section 583.310 (the Five Year Rule).

12. Recommended dates and times for the following:

a. The next CMC;

b. A schedule for any contemplated ADR;

c. A filing deadline (and proposed briefing schedule) for any anticipated non-discovery motions.

d. With respect to class actions, the parties' tentative views on an appropriate deadline for a class certification motion to be filed.

To the extent the parties are unable to agree on any matter to be addressed in the Joint Report, the positions of each party or of various parties should be set forth separately.  The parties are encouraged to propose, either jointly or separately, any

-6-

EXHIBIT C  PAGE 75

approaches to case management that they believe will promote the fair and efficient handling of this case.

Any stipulations to continue conferences or other hearings throughout this litigation must be filed with the court directly in Department S-26 (not in the Clerk's office), no later than four court days before the conference or hearing date.

**Informal Discovery Conferences**

Motions concerning discovery cannot be filed without first requesting an informal discovery conference (IDC) with the court. Making a request for an IDC automatically stays the deadline for filing any such motion. IDCs are conducted remotely, via the BlueJeans Video Conferencing program. Attendees will need to download the BlueJeans program (available from the app stores for IOS or Android) to a computer, laptop, tablet, or smartphone. If the device being used does not have camera capability, the BlueJeans application offers an audio-only option. Video appearance at the IDC, however, is encouraged. The Court will provide a link to join the conference at the appointed time. Please provide Department S-26's Judicial Assistant ((909) 521-3519) or Court Attendant ((909) 708-8866) with an e-mail address. No briefing is required for the IDC, but counsel should lodge (not file) the relevant discovery record in Department S-26 before the IDC.

Dated: _____10/29_____, 2020.

DAVID COHN

David Cohn,
Judge of the Superior Court

-7-

EXHIBIT C  PAGE 76

# GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO

### JUDGE DAVID COHN
### DEPARTMENT S-26

### JUDGE JANET FRANGIE
### DEPARTMENT S-29

## THE SAN BERNARDINO COUNTY COMPLEX LITIGATION PROGRAM

The Complex Litigation Department for the Superior Court of the State of California, County of San Bernardino, is located at the San Bernardino Justice Center, 247 West Third Street, San Bernardino, CA 92415-0210. The Complex Litigation judges are Judge David Cohn, Department S-26, and Judge Janet Frangie, Department S-29. Telephone numbers for Department S-26 are 909-521-3519 (judicial assistant) and 909-708-8866 (court attendant). Telephone numbers for Department S-29 are 909-521-3461 (judicial assistant) and 909-521-3467 (court attendant)

These guidelines govern complex litigation only in Departments S-26 and S-29. When complex cases are assigned to other Departments, the judges may or may not choose to follow all or some of these guidelines.

## DEFINITION OF COMPLEX LITIGATION

As defined by California Rules of Court, rule 3.400(a), a complex case is one that requires exceptional judicial management to avoid placing unnecessary burdens on the court or the litigants and to expedite the case, keep costs reasonable, and promote effective decision making by the court, the parties, and counsel.

Updated June 16, 2020

EXHIBIT C  PAGE 77

Complex cases typically have one or more of the following features:

- A large number of separately represented parties.
- Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve.
- A substantial amount of documentary evidence.
- A large number of witnesses.
- Coordination with related actions pending in one or more courts in other counties or states or in a federal court.
- Substantial post-judgment judicial supervision.

Complex cases may include, but are not necessarily limited to, the following types of cases:

- Antitrust and trade regulation claims.
- Construction defect claims involving many parties or structures.
- Securities claims or investment losses involving many parties.
- Environmental or toxic tort claims involving many parties.
- Mass torts.
- Class actions.
- Claims brought under the Private Attorney General Act (PAGA).
- Insurance claims arising out of the types of claims listed above.
- Judicial Council Coordinated Proceedings (JCCP).
- Cases involving complex financial, scientific, or technological issues.

## CASES ASSIGNED TO THE COMPLEX LITIGATION DEPARTMENT

### A. Cases Designated by a Plaintiff as Complex or Provisionally Complex

All cases designated by a plaintiff as complex or provisionally complex on the Civil Case Cover Sheet (Judicial Council Form CM-100) will be assigned initially to the Complex Litigation Department. The Court will issue an Initial Case Management Conference Order and schedule an Initial Case Management Conference as provided by California Rules of Court, rule 3.750, for the earliest practicable date, generally within approximately seventy-five days of the filing of the complaint.

A plaintiff designating the case as complex or provisionally complex must serve the Initial Case Management Conference Order and a copy of these guidelines on all parties at the earliest opportunity before the conference, and must file proof of service of the summons and complaint and proof of service of the Initial Case Management Conference Order with the court.

A defendant who agrees that the case is complex or provisionally complex may indicate a "Joinder" on the Civil Case Cover Sheet (Form CM- 100).

**Updated June 16, 2020**

EXHIBIT C  PAGE 78

A defendant who disagrees that the case is complex or provisionally complex may raise the issue with the court at the Initial Case Management Conference.

## B. Cases Counter-Designated By a Defendant as Complex or Provisionally Complex

All cases which were not designated by a plaintiff as complex or provisionally complex, but which are counter-designated by a defendant (or cross-defendant) as complex or provisionally complex on the Civil Case Cover Sheet (Judicial Council Form CM-100), will be re-assigned to the Complex Litigation Department. At such time, the Court will schedule an Initial Case Management Conference for the earliest practicable date, generally within approximately forty-five days. A defendant (or cross-defendant) counter-designating the case as complex or provisionally complex must serve a copy of these guidelines on all parties at the earliest opportunity.

A plaintiff or other party who disagrees with the counter-designation may raise the issue with the court at the Initial Case Management Conference.

## C. Other Cases Assigned to the Complex Litigation Department

Whether or not the parties designate the case as complex or provisionally complex, the following cases will be initially assigned to the Complex Litigation Department:

- All Construction Defect Cases.
- All Class Actions.
- All Cases Involving Private Attorney General Act (PAGA) Claims.[1]
- Judicial Council Coordinated Proceedings (JCCP) if so assigned by the Chair of the Judicial Council.

## REFERRAL TO THE COMPLEX LITIGATION DEPARTMENT BY OTHER DEPARTMENTS

A judge who is assigned to a case may, but is not required to, refer the case to the Complex Litigation Department to be considered for treatment as a complex case if (1) the case was previously designated by a party as complex or provisionally complex, or (2) the referring judge deems the case to involve issues of considerable legal, evidentiary, or logistical complexity, such that the case would be best served by assignment to the Complex Litigation Department. Such a referral is not a re-assignment, but is a referral for consideration.

In any case referred by another judge to the Complex Litigation Department, the Complex Litigation Department will schedule an Initial Case Management Conference, generally within thirty days, and will provide notice to all parties along with a copy of these guidelines. If the case is determined by the Complex Litigation Department to be appropriate for treatment as a complex case, the case will be re-assigned to the Complex Litigation Department at that time. If the case is determined by the Complex Litigation Department not to be complex, it will be returned to the referring judge.

---

[1]   The Civil Case cover Sheet (Judicial Council Form CM-100) may not reflect the presence of a PAGA claim.  PAGA claims erroneously assigned to non-complex departments are subject to re-assignment to the Complex Litigation Department by the assigned judge.

**Updated June 16, 2020**

EXHIBIT C  PAGE 79

## STAY OF DISCOVERY PENDING THE INITIAL CASE MANAGEMENT CONFERENCE

For cases that are assigned to the Complex Litigation Department, discovery is automatically stayed pending the Initial Case Management Conference, or until further order of the court. Discovery is not automatically stayed, however, for cases that were initially assigned to other departments and are referred to the Complex Litigation Department for consideration, unless the referring judge stays discovery pending determination by the Complex Litigation whether the case should be treated as complex.

## OBLIGATION TO MEET AND CONFER BEFORE THE INITIAL CASE MANAGEMENT CONFERENCE

Prior to the Initial Case Management Conference, all parties are required to meet and confer to discuss the items specified in California Rules of Court, rule 3.750(b) , and they are required to prepare a Joint Statement specifying the following:

- Whether additional parties are likely to be added, and a proposed date by which any such parties must be served.
- Each party's position whether the case should or should not be treated as a complex.
- Whether there are applicable arbitration agreements.
- Whether there is related litigation pending in state or federal court.
- A description of the major legal and factual issues involved in the case.
- Any discovery or trial preparation procedures on which the parties agree. The parties should address what discovery will be required, whether discovery should be conducted in phases or otherwise limited, and whether the parties agree to electronic service and an electronic document depository and, if so, their preferred web-based electronic service provider.
- An estimate of the time needed to conduct discovery and to prepare for trial.
- The parties' views on an appropriate mechanism for Alternative Dispute Resolution.
- Any other matters on which the parties request a court ruling.

**The Joint Statement is to be filed directly in the Complex Litigation Department no later than four court days before the conference**. This requirement of a Joint Statement is not satisfied by using Judicial Council Form CM-110, pursuant to California Rules of Court, rule 3 .725(a), or by parties filing individual statements. Failure to participate meaningfully in the "meet and confer" process or failure to submit a Joint Statement may result in the imposition of monetary or other sanctions.

## THE INITIAL CASE MANAGEMENT CONFERENCE

At the Initial Case Management Conference, the court will determine whether the action is a complex case, as required by California Rules of Court, rule 3.403. If the court determines the case is complex, the court will issue further management-related orders at that time. If the court determines the case is not complex, the case may be retained by the judge, but not treated as a complex case, or it may be reassigned to a different department; if the case was referred by another judge and the case is found to be inappropriate for treatment as a complex case, the case will be returned to the

**Updated June 16, 2020**

EXHIBIT C  PAGE 80

referring judge.

At the Initial Case Management Conference, the court and counsel will address the subjects listed in California Rules of Court, rule 3.750(b), and all issues presented by the Joint Statement.

Once a case is deemed complex, the function of the Initial Case Management Conference and all subsequent Case Management Conferences is to facilitate discovery, motion practice, and trial preparation, and to discuss appropriate mechanisms for settlement negotiations.

Lead counsel should attend the Initial Case Management Conference. Counsel with secondary responsibility for the case may attend in lieu of lead counsel, but only if such counsel is fully informed about the case and has full authority to proceed on all issues to be addressed at the conference. "Special Appearance" counsel (lawyers who are not the attorneys of record) are not allowed.

## REMOTE APPEARANCES AT CASE MANAGEMENT CONFERENCES

Pending further order of the Court, all Case Management Conferences will be conducted remotely, via CourtCall, without in-person attendance of counsel or parties.  CourtCall appearances are scheduled by telephoning CourtCall at (888) 882-6878.  See www.CourtCall.com for further information.

## CASE MANAGEMENT ORDERS

The court may issue formal, written case management orders. Typically, complex construction defect cases will proceed pursuant to such an order. Other cases involving numerous parties or unusual logistical complexity may be appropriate for such a written order as well. The need for a written case management order will be discussed at the Initial Case Management Conference or at later times as the need arises. The parties will prepare such orders as directed by the court.

## ADDITIONAL CASE MANAGEMENT CONFERENCES

After the Initial Case Management Conference, the court will schedule additional case management conferences as necessary and appropriate on a case-by-case basis.

As with the Initial Case Management Conference, lead counsel should attend all case management conferences. Counsel with secondary responsibility for the case may attend in lieu of lead counsel, but only if such counsel is fully informed about the case and has full authority to proceed on all issues to be addressed. "Special Appearance" counsel (lawyers who are not the attorneys of record) are not allowed. As with the initial Case Management Conference, until further order of the Court, all additional case management conferences are conducted remotely, via CourtCall.

## VOLUNTARY SETTLEMENT CONFERENCES

If all parties agree, the court is available to conduct settlement conferences. Requests for settlement conferences may be made at any Case Management Conference or hearing, or by telephoning the Complex Litigation Department.

EXHIBIT C  PAGE 81

## MANDATORY SETTLEMENT CONFERENCES

In appropriate cases, the court may order mandatory settlement conferences. Parties with full settlement authority, including insurance adjusters with full settlement authority, must attend all mandatory settlement conferences.

## MANAGEMENT OF CLASS ACTIONS

In class actions and putative class actions that are deemed complex, the Initial Case Management Conference will function as the Case Conference required by California Rules of Court, rules 3 .762 and 3.763.

## OBLIGATION TO MEET AND CONFER REGARDING MOTIONS

In addition to any other requirement to "meet and confer" imposed by statute or Rule of Court in connection with motions, all counsel and unrepresented parties are required to "meet and confer" in a good faith attempt to eliminate the necessity for a hearing on a pending motion, or to resolve or narrow some of the issues. The moving party must arrange for the conference, which can be conducted in person or by telephone or video conference, to be held no later than four calendar days before the hearing. No later than two calendar days before the hearing, the moving party is required to file a notice in Department S-26, with service on all parties, specifying whether the conference has occurred and specifying any issues that have been resolved. If the need for a hearing has been eliminated, the motion may simply be taken off-calendar. Failure to participate meaningfully in the conference may result in the imposition of monetary or other sanctions.

The obligation to "meet and confer" does not apply to applications to appear *pro hac vice* or to motions to withdraw as counsel of record.

## FORMAT OF PAPERS FILED IN CONNECTION WITH MOTIONS

Counsel and unrepresented parties must comply with all applicable statutes, Rules of Court, and Local Rules regarding motions, including but not limited to their format. Additionally, exhibits attached to motions and oppositions must be separately tabbed at the bottom, so that exhibits can be easily identified and retrieved.

## ELECTRONIC SERVICE AND DOCUMENT DEPOSITORY

The parties in cases involving numerous parties or large quantities of documents are encouraged to agree to electronic service for all pleadings, motions, and other materials filed with the court as well as all discovery requests, discovery responses, and correspondence . Nevertheless, parties must still submit "hard" copies to the court of any pleadings, motions, or other materials that are to be filed.

## INFORMAL DISCOVERY CONFERENCES

The court is available for informal discovery conferences at the request of counsel.  Such

EXHIBIT C  PAGE 82

conferences may address the scope of allowable discovery, the order of discovery, issues of privilege, and other discovery issues that may arise. Counsel may contact the Complex Litigation Department to schedule an informal conference.

Before filing any discovery motion, the moving party is required to "meet and confer" with counsel as required by statute. If the "meet and confer" exchange fails to resolve all issues, the moving party is **required** to request an informal conference with the court before filing any discovery motion. Making a request for an informal discovery conference automatically stays the deadline for filing a motion.

Informal Discovery Conferences are conducted remotely, via the BlueJeans Video Conferencing. Attendees will need to download the BlueJeans program (available from the app stores for IOS or Android) to a computer, laptop, tablet, or smartphone. If the device to be used does not have camera capability, the BlueJeans application offers an audio-only option. Video appearance, however, is encouraged. Counsel will be provided with a link to connect to the conference at the appointed time.

Briefing is not required, though each counsel should lodge (not file) a one-page statement of the issues in dispute in the Department before the informal discovery conference.

## CONFIDENTIAL DOCUMENT AND PROTECTIVE ORDERS

Proposed protective orders dealing with confidential documents should state expressly that nothing in the order excuses compliance with California Rules of Court, rules 2 .550 and 2.551. Proposed protective orders that are not compliant with the requirements of the Rules of Court will be rejected.

## THE PRETRIAL CONFERENCE

The court will schedule a pre-trial conference, generally thirty to sixty days in advance of the trial. Counsel and the court will discuss the following matters, which counsel should be fully informed to address:

- Whether trial will be by jury or by the court.
- Anticipated motions *in limine* or the need for other pre-trial rulings.
- The anticipated length of trial.
- The order of proof and scheduling of witnesses, including realistic time estimates for each witness for both direct and cross-examination.
- If there is a large number of anticipated witnesses, whether counsel wish to have photographs taken of each witness to refresh the jury's recollection of each witness during closing argument and deliberation.
- Whether deposition testimony will be presented by video.
- The need for evidentiary rulings on any lengthy deposition testimony to be presented at trial.
- Stipulations of fact.
- Stipulations regarding the admission of exhibits into evidence.
- If there is a large amount of documentary evidence, how the exhibits will be presented in a meaningful way for the jury.
- The use of technology at trial, including but not limited to electronic evidence.

**Updated June 16, 2020**

EXHIBIT C  PAGE 83

- Any unusual legal or evidentiary issues that may arise during the trial.

## THE TRIAL READINESS CONFERENCE

Trial Readiness Conferences are held at 10:00 a.m., typically on the Thursday morning preceding the scheduled trial date. Counsel and unrepresented parties must comply fully with Local Rule 411.2, unless otherwise directed by the court.  Failure to have the required materials available for the court may result in the imposition of monetary or other sanctions.

## TRIALS

Trial dates are generally Monday through Thursday, 11:00 a.m. to 12:00 p.m. and 1:30 p.m. to 4:30 p.m. Lengthy trials, however, may require deviation from this schedule. Unless otherwise ordered by the court, counsel and unrepresented parties must be present in the courtroom at least ten minutes before each session of trial is scheduled to begin.

Whenever possible, issues to be addressed outside the presence of the jury should be scheduled in a manner to avoid the need for the jury to wait.

**Updated June 16, 2020**

**EXHIBIT C  PAGE 84**



# Alternative Dispute Resolution

**Superior Court of California - County of San Bernardino**

Alternate Dispute Resolution (ADR) provides an opportunity for parties to receive assistance reaching a resolution in their small claims, landlord tenant, civil, family law, probate case with a trained mediator. These services are provided by Inland Fair Housing and Mediation Board (IFHMB).

These services are available in the following court locations:

- Barstow
- Fontana
- Joshua Tree
- San Bernardino Justice Center
- San Bernardino Historic
- Victorville

Using ADR to resolve disputes can:

- Save time, since it can take a lot less time to work out and write up an agreement than go through a trial.
- Save money on attorney's fees, fees for expert witnesses and other expenses.
- More control over the outcome. In ADR, parties participate more actively in creating a workable solution than leaving the decision up to a judge or a jury. Also, it can create solutions that go beyond what the court can do.

EXHIBIT C  PAGE 85